IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| T-JAT SYSTEMS 2006 LTD., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C. A. No. 16-581-RGA-MPT |
| : | |
| EXPEDIA, INC. (DE), EXPEDIA, INC. : | |
| (WA), and ORBITZ WORLDWIDE INC., : | |
| : | |
| Defendants. : | |

**REPORT AND RECOMMENDATION**

**I.  INTRODUCTION**

On July 7, 2016, T-Jat Systems 2006 Ltd. ("T-Jat") initially brought this action against Expedia, Inc. ("Expedia-DE"), alleging infringement of U.S. Patent Nos. 8,064,434 ("the '434 patent") and 9,210,142 ("the '142 patent").[1] T-Jat filed a first amended complaint on September 27, 2016, joining Expedia, Inc. (WA) ("Expedia-WA") and Orbitz Worldwide, Inc. ("Orbitz") as defendants with Expedia-DE.[2]

Presently before the court is Defendants' joint motion to dismiss the first amended complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[3]  This court has subject matter jurisdiction because the action arises under 35 U.S.C. § 101 *et seq.*[4]  For the purposes of this motion, personal

---

[1] D.I. 1.
[2] D.I. 10; reference to all three parties simultaneously, Expedia-DE, Expedia-WA, and Orbitz, shall be as "Defendants."
[3] D.I. 14.
[4] *See* 28 U.S.C. § 1331 (federal question jurisdiction); § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of

jurisdiction is not disputed.[5] Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).[6] This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. DEL. LR 72.1.

## II. BACKGROUND

### A. Factual Allegations

Expedia-DE is incorporated in the state of Delaware.[7] Expedia-WA is a wholly-owned subsidiary of Expedia-DE.[8] Expedia-WA is incorporated in Washington state.[9] Orbitz is a wholly-owned subsidiary of Expedia-WA, and is incorporated in Delaware with its principal place of business in Chicago, Illinois.[10] T-Jat is an Israeli corporation with its principal place of business in Israel.[11]

T-Jat owns the '142 and '434 patents.[12] The patents-in-suit are methods or systems for providing telephone users with internet capabilities without configuring the phone to communicate with the internet application directly.[13] The patents cover the method, system, and medium for coordination of a request from the phone to a first

---

Congress relating to patents . . . .").
    [5] *See* D.I. 14.
    [6] 28 U.S.C. § 1391(c) ("[A]n entity . . ., whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action . . . ."); § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").
    [7] D.I. 10 ¶ 3.
    [8] *Id.* ¶ 4.
    [9] *Id.*
    [10] *Id.* ¶ 6.
    [11] *Id.* ¶ 2.
    [12] *Id.* ¶¶ 17-18.
    [13] *Id.* ¶ 19.

server to access an internet-based application located on a second server only for the time of the communication session.[14] The first server may have a virtual client entity that helps communicate with the second server and back to the phone, allowing the phone's user to access the internet application in real-time.[15]

T-Jat alleges Expedia-DE and its subsidiary Expedia-WA "operate as a single entity," such that Expedia-DE operates and controls Expedia-WA.[16] It contends there is a high degree of intermingling between Expedia-DE and Expedia-WA, including a shared corporate headquarters, a shared principal executive office address, and shared directors and executive officers.[17] T-Jat also maintains intermingling exists between Expedia and Orbitz.[18] It alleges Expedia[19] "controls or otherwise directs and authorizes" Orbitz's activities and the companies share executive officers.[20] Further, T-Jat maintains Expedia-DE and Expedia-WA are, among other things, agents, alter-egos, or principals of each other.[21] It makes the same contentions regarding Expedia-WA and Orbitz.[22]

---

[14] D.I. 10 ¶¶ 19, 23.
[15] *Id.* ¶ 19.
[16] *Id.* ¶ 5.
[17] *Id.*
[18] *Id.* ¶ 7.
[19] References to Expedia by T-Jat mean both Expedia-DE and Expedia-WA are implicated. *See id.* ¶ 4.
[20] *Id.* ¶ 7 (citing Expedia Form 10-K Annual Report for fiscal year ending December 31, 2015, https://www.sec.gov/Archives/edgar/data/1324424/000119312516457822/d104083d10k.htm).
[21] *Id.* ¶ 13.
[22] *Id.* ¶ 14.

T-Jat alleges Expedia has a mobile application (app)[23] and a web site[24] that provide telephone users with access to the internet to research and book travel arrangements through Group Distribution Systems (GDS).[25]  It contends Expedia's mobile app operates by transmitting a request to a first server to be connected to an internet-based location at a second server.[26]  The app then works with the website to provide the user with a menu from which to choose an internet-based application.[27]  Once the user makes a selection, the first server connects to a second server, which provides information about travel services back to the user's phone via the first server.[28]  T-Jat also alleges a virtual client entity is created on Expedia's first server to provide the phone user access to internet-based applications, with the connection only lasting for the length of the user's request for and receipt of information.[29]  This virtual client entity is unique to the specific internet application requested, and a new virtual entity is created if the user makes a new request.[30]  The virtual client entity allows communication between the user's phone and the internet-based application residing at the second server, providing the user with travel updates in real-time.[31]

---

[23] EXPEDIA, INC., *Travel Apps*, https://www.expedia.com/app (last visited Jan. 23, 2017).
[24] EXPEDIA, INC, https:/www.expedia.com (last visited Jan. 23, 2017).
[25] D.I. 10 ¶¶ 24-25.
[26] *Id.* ¶ 26.
[27] *Id.* ¶ 27.
[28] *Id.* ¶ 28.
[29] *Id.* ¶¶ 29-30.
[30] *Id.* at ¶ 30.
[31] *Id.* ¶ 31.

T-Jat similarly alleges Orbitz's mobile app[32] and web site[33] provide phone users with the ability to use internet-based applications for travel reservations through GDS online systems.[34]

### B. Positions of the Parties

T-Jat argues Defendants infringe both its '434 and '142 patents.[35] It alleges Expedia-DE and Expedia-WA together infringe claim 1 of the '434 patent and claims 1, 9, and 12 of the '142 patent.[36] T-Jat contends Orbitz separately infringes claim 1 of the '434 patent and claims 1, 9, and 12 of the '142 patent.[37]

Defendants maintain that the first amended complaint fails to satisfy the pleading requirements of FED. R. CIV. P. 8(a) because it does not set forth facts sufficient for a facially plausible claim from which the court can infer the alleged misconduct, as stipulated by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*.[38] In particular, Defendants argue T-Jat's allegations that Expedia-DE and Expedia-WA acted as one entity because of the companies' parent-subsidiary relationship to be far fetched, and the first amended complaint fails to show "facts that justify piercing the corporate veil."[39]

---

[32] ORBITZ, *Travel Apps*, https://www.orbitz.com/app (last accessed Jan. 23, 2017).
[33] ORBITZ, https://www.orbitz.com (last accessed Jan. 23, 2017).
[34] D.I. 10 ¶ 57. *See id.* ¶¶ 58-83.
[35] *Id.* ¶ 1.
[36] *Id.* ¶¶ 23-53.
[37] *Id.* ¶¶ 54-85.
[38] *See* D.I. 14 at 6 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).
[39] *Id.* (quoting *M2M Sols. LLC v. Telit Commc'ns PLC*, No. 14-1103-RGA, 2015 WL 4640400, at *3 (D. Del. Aug. 5, 2015)).

Defendants particularly fault T-Jat's lack of facts to show fraud.[40]  Additionally,

Defendants posit T-Jat fails to accurately identify which defendant it seeks to hold liable

for each count of alleged infringement because of T-Jat's collective referral to Expedia-

DE and Expedia-WA as "Expedia" and to all three defendants simply as "Defendants."[41]

In response, T-Jat argues the first amended complaint is well-pled and alleges

sufficient facts for parent-subsidiary liability either based on agency or alter-ego

theory.[42]  T-Jat also asserts it raises a plausible independent claim of infringement

against Expedia-DE based on the alleged infringing actions of its subsidiary companies,

Expedia-WA and Orbitz.[43]  Additionally, T-Jat states the first amended complaint

adequately identifes each defendant and the alleged infringement for which it seeks to

hold the defendant liable.[44]

In their reply brief, Defendants outline four arguments:  (1) T-Jat fails to

adequately plead that Expedia-DE owns and operates the allegedly infringing

technology; (2) the first amended complaint's generic referrals to multiple defendants

insufficiently alleges each individual defendant's infringement; (3) T-Jat relies on

---

[40] *Id.* at 1;  Defendants also claim that their counsel initially informed T-Jat that it
had sued the wrong entity (Expedia-DE), prompting T-Jat  to join Expedia-WA and
Orbitz as co-defendants.  Additionally, Defendants note that T-Jat agreed to dismiss its
claims against Expedia-DE "but only if the remaining Defendant [sic] agreed 'that it will
not contest or seek to transfer venue.'"  *Id.* (emphasis removed) (quoting D.I.15 Ex. E).
*See also id.* at 3-7 ("T-Jat's Gamesmanship and Improper Litigation Tactics").  The court
will not address these concerns because they are irrelevant to the current analysis.
[41] *Id.* at 8.
[42] D.I. 16 at 4-5.
[43] *Id.* at 5-10.
[44] *Id.* at 10-11.

material outside the first amended complaint in its answering brief;[45] and (4) T-Jat's answering brief does not properly address Defendant's argument about T-Jat's allegations regarding Defendants' corporate structure and the insufficiency of T-Jat's claims that Expedia-DE is responsible for Expedia-WA's actions vis-a-vis agency and/or an alter-ego theory.[46]

## III. STANDARD OF REVIEW

**Motion to Dismiss for Failure to State a Claim**

FED. R. CIV. P. 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case.[47] "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[48] A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is

---

[45] D.I. 18 at 5. Here, Defendants argue that the court should disregard these outside materials with respect to T-Jat. *See* D.I. 17 (containing T-Jat's attorney affidavit and exhibits). However, Defendants also submitted outside materials with their opening brief in support of their motion to dismiss in the form of an attorney affidavit and exhibits. *See generally* D.I. 15; D.I. 16 (T-Jat's answering brief stating Defendants' materials in their opening brief were inappropriate for consideration, "inapposite," and "inconsistent.") Each side accuses the other of the same sin, namely, not following Fed. R. Civ. P. 7. Therefore, the court will consider, when appropriate, the information provided by both sides.
[46] *See generally id.*
[47] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[48] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Twombly*, 550 U.S. at 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

not entitled to relief."⁴⁹  While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."⁵⁰

To survive a motion to dismiss, a plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."⁵¹  Plaintiffs are therefore required to provide the grounds of their entitlement to relief beyond mere labels and conclusions.⁵²  Although heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.⁵³  A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.⁵⁴  Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.⁵⁵  Courts generally consider only the allegations

---

⁴⁹ *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *Burlington*, 114 F.3d at 1420).

⁵⁰ *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (citations omitted) (rejecting "unsupported conclusions and unwarranted inferences"); *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

⁵¹ *Twombly*, 550 U.S. at 555 (citations omitted); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

⁵² *See Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

⁵³ *Twombly*, 550 U.S. at 570; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a 'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).

⁵⁴ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

⁵⁵ *Twombly*, 550 U.S. at 563 (citations omitted).

contained in the complaint, exhibits attached to the complaint, and matters of public record when reviewing a motion to dismiss.[56]

## IV. DISCUSSION

Defendants assert the first amended complaint fails to satisfy the *Twombly/Iqbal* standard for pleading direct infringement because its alter-ego and agency theories and its claims against each individual defendant are facially lacking. These arguments will be addressed in turn.

### A. Alter-Ego Theory

T-Jat alleges Expedia-DE and Expedia-WA are alter-egos of each other.[57] Defendants assert that T-Jat's allegations are conclusory,[58] because they do not provide facts showing an arrangement between all defendants to operate the websites and mobile applications,[59] and fail to allege an arrangement that relates directly the underlying matter and perpetrates a fraud.[60] Defendants also emphasize that T-Jat not only raises alter-ego against Expedia-DE and Expedia-WA, but also against Orbitz and Expedia.[61] However, T-Jat alleges Orbitz, independent of its corporate parent, individually infringes the '434 and '142 patents.[62]

Therefore, the governing issues are whether T-Jat alleges sufficient facts to implicate both Expedia-DE and Expedia-WA as joint infringers because of their

---

[56] *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).
[57] D.I. 10 ¶ 13.
[58] D.I. 14 at 2, 8.
[59] *Id.* at 8.
[60] *Id.* at 1, 7.
[61] *Id.* at 3.
[62] D.I. 10 ¶¶ 54-85.

corporate relationship, and whether Expedia-DE and/or Expedia-WA may be implicated by their control over Orbitz's activity. Defendants reasoning in regard to these issues is misplaced.[63] T-Jat's response, although emphasizing that a showing of fraud is not required, fails to address how, in the absence of fraud, Defendants' actions meet the essential element of "injustice or fundamental unfairness."[64]

In addition to the element of injustice or unfairness, the Third Circuit considers eight factors when assessing an alter ego claim: "gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a façade for for the operations of the dominant stockholder."[65] A plaintiff must establish through alleging these factors that "in all aspects of the business, the . . . corporations actually functioned as a single entity and should be treated as such."[66] There must be a showing that the corporate form was misused in a way "akin to fraud."[67] Actual fraud, however, is not required to pierce the

---

[63] *See* D.I. 14 at 7 (citing *In re Sunstates Corp. Shareholder Litig.*, 788 A.2d 530, 534 (Del. Ch. 2001)) ("Rather, to pierce the corporate veil based on an agency or "alter ego" theory, 'the corporation must be a sham and exist for no other purpose than as a vehicle for fraud.'"); *but see StrikeForce Techs., Inc. v. Phonefactor, Inc.*, No. 13-490-RGA-MPT, 2013 WL 6002850, at *4-5 (D. Del. Nov. 13, 2013) ("a plaintiff . . . must allege facts supporting the fraud or injustice requirement for alter ego liability to establish a well-pleaded complaint" - a rigid test for proof of actual fraud is not required).

[64] D.I. 16 at 5 (quoting *Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462 (D. Del. 2010)).

[65] *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484-85 (3d Cir. 2001).

[66] *Id.* at 485.

[67] *Energy Marine Servs., Inc. v. DB Mobility Logistics AG*, No. 15-24-GMS, 2016 WL 284432, at *3 (D. Del. Jan. 22, 2016).

corporate veil.[68] Nonetheless, a combination of factors and "an overall element of injustice or unfairness" are necessary for veil-piercing.[69]

T-Jat has, at best, alleged sufficient facts to establish two of the eight factors: a failure to observe corporate formalities and subsidiary companies acting as a façade for the parent companies. T-Jat plausibly alleges commingling and parent company control over the subsidiary between Expedia-DE and Expedia-WA, and between Expedia and Orbitz. Expedia-DE and Expedia-WA share certain officers and directors, as well as a business headquarters and a principal executive offices address in Delaware, and they refer to themselves as "Expedia, Inc." collectively as one entity on marketing and promotional materials.[70] Similarly, Expedia shares executive officers with Orbitz, and Expedia's 2015 Form 10-K names Orbitz as an entity that Expedia "control[s] or in which [Expedia] ha[s] a variable interest and [is] the primary beneficiary of expected cash profits or losses."[71]

However, T-Jat does not allege the second element of fraud or injustice of use of the corporate form in either case.[72] Recent case law from this court establishes that

---

[68] *Trs. of the Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 194 (3d Cir. 2003).
[69] *United States v. Golden Acres, Inc.*, 702 F. Supp. 1097, 1104 (D. Del. 1998).
[70] D.I. 10 ¶ 5.
[71] *Id.* ¶¶ 7-8.
[72] *Compare Pontiaki Special Maritime Enter. v. Taleveras Group*, No. 16-247-LPS, 2016 WL 4497058, at *2-6 (D. Del. Aug. 26, 2016) (finding plaintiff made sufficient factual allegations for six of eight alter ego factors and the element of unfairness or injustice, warranting denial of motion to dismiss); *c.f. Energy Marine*, 2016 WL 284432, at *3 (granting motion to dismiss because plaintiff's "naked assertions" that defendant met two of eight alter ego factors, that it did not adhere to corporate formalities and subsidiaries were only façade for parent company, were insufficiently supported by claims of whole ownership of subsidiaries, shared branding with subsidiaries, and indicia of operational control over subsidiaries, and did not meet the 12(b)(6) standard).

factual allegations of "nothing more than a close relationship and coordination among defendants," including operational control of the parent company over subsidiaries, is insufficient under Rule 12(b)(6).[73]  As such, the alter-ego theory against all three defendants is inadequate to meet the minimum pleading requirements.

### B. Agency Theory

T-Jat alleges Expedia-DE "controls or otherwise directs and authorizes the activities" of Expedia-WA.[74]  It also alleges Expedia controls, directs, or authorizes Orbitz's activities as its wholly-owned subsidiary.[75]  Defendants argue T-Jat's agency claims do not relate directly to the underlying patent infringement allegations.[76]

Under agency theory, a parent corporation is held liable for the actions of its subsidiary if the parent directed or authorized those actions.[77]  When assessing whether there is an agency relationship, the court considers:  if there is an arrangement where one corporation acts in place of the other, and whether the arrangement is directly related to the underlying cause of action.[78]  "The fundamental question is whether the parent and subsidiary entered into a limited agency relationship for the transaction giving rise to the claim."[79]

---

[73] *Pontiaki*, 2016 WL 4497058, at *5 (citing *Energy Marine*, 2016 WL 284432, at *3).
[74] D.I. 10 ¶ 5.
[75] *Id.* ¶ 7.
[76] D.I. 19 at 2, 4.
[77] *See StrikeForce*, 2013 WL 6002850, at *4 ("Under this theory, only the conduct shown to be instigated by the parent may be attributed to the parent.").
[78] *Energy Marine*, 2016 WL 284432, at *4 (citing *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).
[79] *Id.*

However, evidence of agency required at the pleading stage is minimal.[80] Because of their fact-specific nature, agency claims implicitly survive a 12(b)(6) attack for facial implausibility if they provide sufficient facts connecting the parent and subsidiary companies, and the control of the parent over the acts of the subsidiary, which results in the ultimate cause of action.[81]

One can reasonably infer Expedia-DE's control over Expedia-WA and Expedia's control over Orbitz from the alleged facts. Further, the court can reasonably deduce Expedia-DE directed Expedia-WA's actions, and likewise Expedia directed Orbitz's activities relating to the underlying cause of action, the allegedly infringing mobile and website applications, based on the close connection between the respective companies.[82] Although this corporate closeness may not be sufficient to succeed on agency theory at later stages in litigation, it is sufficient to survive a motion to dismiss, if the parties are properly and individually identified.[83]

---

[80] *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 Fed. Appx. 803, 808 (citing *In re Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989)) ("[P]laintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs [at the pleading stage].").

[81] *Id.* at 807-08. *See also E.I. DuPont de Nemours & Co. v. Rhone Roulenc Fiber & Resin Intermediates*, 269 F.3d 187, 198 (3d Cir. 2001) (plaintiff must "demonstrate that the agent was acting on behalf of the principal and that the cause of action arises out of that relationship."); *Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 865 (3d Cir. 1977) (finding agency relationship as fact-specific, which makes discovery essential to plaintiff's argument preparation).

[82] *See supra* notes 75, 76 explaining the alleged corporate intermingling. There is information that further supports this claim appended to the answering brief. *See generally* D.I. 17. For example, D.I. 17 Ex. B (Expedia-DE's Standard & Poor's Corporate Description Report dated Sept. 3, 2014) explains that Expedia, Inc. along with its subsidiaries, "facilitates the booking of hotel rooms, airline seats, car rentals, and destination services," which may be construed to relate directly to the underlying cause of action.

[83] *See StrikeForce*, 2013 WL 6002850, at *5; *but see infra* Section C.

### C. Sufficiency of Claims Against Individual Defendants

T-Jat alleges Expedia-DE and Expedia-WA and Orbitz and Expedia were "at all relevant times the agents, affiliates, alter egos, partners, assignees, successors-in-interest, or principals, of each other or were otherwise responsible for or participated in the acts of infringement alleged herein and thereby incurred liability therefore."[84] T-Jat also details Expedia's infringing activities and Orbitz's infringing activities[85] before referring to all three Defendants in the plural.[86] Defendants argue that T-Jat improperly lumps multiple defendants together either by referring to two defendants as Expedia or all three as Defendants.[87] T-Jat responds by pointing to one paragraph in the first amended complaint that provides information about Expedia-DE's business,[88] which fails to address Defendants' point about conflating the parties, and also continues to refer to Expedia-DE and Expedia-WA singularly as Expedia.[89] Additionally, T-Jat asserts Orbitz's individual liability based on the first amended complaint.[90] Finally, Defendants assert T-Jat's first amended complaint and answering brief fail to provide facts to support its contention that Expedia-DE individually owns and operates the allegedly infringing server system.[91]

Recent decisions in this court make clear that plaintiffs cannot combine

---

[84] D.I. 10 ¶¶ 14-15.
[85] *Id.* ¶¶ 23-85
[86] *Id.* at 46-47.
[87] D.I. 14 at 8.
[88] D.I. 16 at 5-6 (citing D.I. 10 ¶ 3).
[89] *Id.* at 10.
[90] *Id.* at 11.
[91] D.I. 19 at 1-2.

allegations against multiple defendants.[92]  Unlike in *Mayne Pharma*, T-Jat does not incorporate preceding paragraphs in its allegations against Defendants in its demand for relief in the first amended complaint,[93] and fails to explicitly allege that Expedia-DE sells or owns the infringing technology.[94]  Although T-Jat's assertions of Orbitz's individual infringement may be facially plausible, the allegations as to Expedia-DE and Expedia-WA do not clarify that each defendant committed at least one infringing act.  Therefore, the first amended complaint fails to provide Defendants with adequate notice of the direct infringement allegations against them and fails to meet the minimum pleadings standard.

## VI. RECOMMENDATION DISPOSITION

---

[92] *See M2M Sols. LLC*, 2015 WL 4640400, at *3 (finding "lump[ing] two defendants together" in direct infringement claim insufficient under now-expired Form 18); *Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc.*, No. 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015) (finding pleadings sufficient despite plaintiff "lumping together its allegations against three Defendants" because that section of plaintiff's complaint "incorporated 'each of the [complaint's] preceding paragraphs,'" including sections that identified each defendant's individual infringing activities and sale of infringing product).  Although both cases apply the Form 18 standard, as Defendants note in their opening brief, the *Iqbal/Twombly* standards are more demanding than Form 18.  *See* D.I. 14 at 8.  Pleadings insufficient under Form 18 would also be insufficient under *Twombly* and *Iqbal*.  *See Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, No. 12-1461-LPS-CJB, 2017 WL 239326, at *5 n.12 (D. Del. Jan. 19, 2017).

[93] D.I. 10 at 46-47.

[94] *Id.* ¶ 3 (stating Expedia-DE "is an online travel company" that "'provides travel products and services'" through a "'portfolio of brands'" and "makes travel services available through websites, including www.expedia.com") (quoting *Metasearch Sys., LLC v. Expedia, Inc.*, C.A. 12-1188-LPS, 2013 WL 11021894 (D. Del. Sept. 19, 2013) (Tr. Filing)).

Consistent with the findings herein, it is recommended that:

Defendants' motion to dismiss the first amended complaint[95] (D.I. 13) be granted in part and denied in part.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served a copy of this Report and Recommendation.[96] The objections and response to the objections are limited to ten (10) pages each.

The parties are directed to the Court's standing Order in Non-*Pro Se* matters for Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Dated: March 7, 2017
            /s/ Mary Pat Thynge
            Chief U. S. Magistrate Judge

---

[95] Although sufficient facts may be alleged in T-Jat's answering brief in opposition to Defendants' motion to dismiss and its attached exhibits, these cannot be the basis for the court's decision. *Com. of Pa. ex rel. Zimmerman v. PepsiCo. Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also M2M Sols. LLC*, 2015 WL 4640400, at *3.

[96] FED. R. CIV. P. 72(b)(2).