## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

T-JAT SYSTEMS 2006 LTD.,

            Plaintiff,

   v.

EXPEDIA, INC. (DE), EXPEDIA, INC. (WA),
and ORBITZ WORLDWIDE, INC.,

            Defendants.

Case No. 16-cv-00581-RGA-MPT

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR
## FAILURE TO STATE A CLAIM AND FOR IMPROPER VENUE

**K&L GATES LLP**
Steven L. Caponi, Esq. (#3484)
600 N. King Street
Suite 901
Wilmington, DE 19801
Phone: (302) 416-7080
Email: steven.caponi@klgates.com

Of counsel:

Theodore J. Angelis
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Email: theo.angelis@klgates.com

*Attorneys for Defendants Expedia, Inc. (DE),*
*Expedia, Inc. (WA) and Orbitz Worldwide, Inc.*

Eric A. Prager
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 536-3900
Email: eric.prager@klgates.com

Dated: September 8, 2017

## TABLE OF CONTENTS

**Page**

I.    Introduction ........................................................................................................... 1

II.    Argument ............................................................................................................... 1

        A.    *Alice* Step One:  T-Jat's Claims Are Directed to an Abstract Idea,
             Regardless of the Allegedly "Technical" Nature of the Claims ............................ 1

             1.    T-Jat's "Technical Solution" Argument Is Unfounded ............................. 1

             2.    District Courts and the Federal Circuit have Properly Concluded
                    that Purportedly "Technical" Solutions Are Nonetheless Abstract
                    Ideas ........................................................................................................ 2

             3.    The "Particular Characteristics" of the "Virtual Client Entity" Do
                    Not Save the Asserted Claims from Ineligibility ...................................... 3

             4.    The Asserted Claims Are Distinguishable From Those That Have
                    Been Found Valid Under Section 101 ...................................................... 5

             5.    T-Jat's Preemption Arguments Fail .......................................................... 7

        B.    Delaware is Not the Proper Venue for T-Jat's Claims against Expedia-WA .......... 9

             1.    Expedia-WA's Venue Defense Was Not Previously Available ................. 9

             2.    There Is No Basis for Venue Over Expedia-WA..................................... 10

III.    CONCLUSION .................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aileen Mills Co. v. Ojay Mills,*
192 F. Supp. 131 (S.D.N.Y. 1960) ....................................................................................10

*Appistry, Inc. v. Amazon.com, Inc.,*
195 F. Supp. 3d 1176, 1181 (W.D. Wash. 2016), *aff'd,* 676 Fed. App'x. 1008
(Fed. Cir. 2017), *cert. denied*, 137 S. Ct. 2311 (2017) ..........................................................2

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.,*
788 F.3d 1371 (Fed. Cir. 2015)*, cert. denied,* 136 S. Ct. 2511 (2016) ................................8, 9

*Bilski v. Kappos,*
561 U.S. 593 (2010)...............................................................................................................2

*Callwave Commc'ns, LLC v. AT&T Mobility,*
207 F. Supp. 3d 405, 412-14 (D. Del. 2016) .........................................................................7

*Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,*
558 Fed. App'x. 988 (Fed. Cir. 2014)....................................................................................2

*Enfish, LLC v. Microsoft Corp.,*
822 F.3d 1327 ........................................................................................................................5

*FairWarning IP, LLC v. Iatric Sys., Inc.,*
839 F.3d 1089 (Fed. Cir. 2016).........................................................................................5, 8

*Fitbit, Inc. v. AliphCom,*
233 F. Supp. 3d 799, 806 (N.D. Cal. 2017) ......................................................................2, 5

*Gilmore v. Palestine Interim Self-Gov't Auth.,*
843 F.3d 958 (D.C. Cir. 2016) ..............................................................................................9

*Hsin Ten Enter. USA v. Clark Enter.,*
138 F. Supp. 2d 449 (S.D.N.Y. 2000)..................................................................................10

*In re TLI Commc'ns LLC Patent Litig.,*
823 F.3d 607 (Fed. Cir. 2016)...............................................................................................5

*Intellectual Ventures I LLC v. Erie Indem. Co.,*
850 F.3d 1315 (Fed. Cir. 2017)..........................................................................................4, 5

*Internet Patents Corp. v. Active Network, Inc.,*
790 F.3d 1343 (Fed. Cir. 2015).............................................................................................8

*Ironburg Inventions Ltd. v. Valve Corp.*,
  No. 1:15-cv-4219-TWT, 2017 WL 3307657 (N.D. Ga. Aug. 3, 2017) ..................................10

*Messaging Gateway, Sols., LLC v. Amdocs, Inc.*,
  Case No. CV 14-732-RGA, 2015 WL 1744343 (D. Del. Apr. 15, 2015) ................................6

*Novo Transforma Techs., LLC v. Sprint Spectrum L.P.*,
  No. CV 14-612-RGA, 2015 WL 5156526 (D. Del. Sept. 2, 2015), *aff'd*, 669 F.
  App'x 555 (Fed. Cir. 2016).........................................................................................................2

*OptoLum, Inc. v. Cree, Inc.*,
  No. CV-16-03828-PHX-DLR., 2017 WL 3130642 (D. Ariz. July 24, 2017) ..........................9

*Valspar Corp. v. PPG Indus., Inc.*,
  No. 16-CV-1429, 2017 WL 3382063 (D. Minn. Aug. 4, 2017) ................................................9

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (Fed. Cir. 1990).................................................................................................9

*Visual Memory LLC v. NVIDIA Corp.*
  No. 2016-2254, 2017 WL 3481288 (Fed. Cir. Aug. 15, 2017) ................................................7

*Yodlee, Inc. v. Plaid Techs. Inc.*,
  No. CV 14-1445-LPS, 2016 WL 2982503 (D. Del. May 23, 2016)......................................3, 4

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................................................10

**Other Authorities**

Rule 12(b)(3)......................................................................................................................................9

Rule 12(g) ..........................................................................................................................................9

# I.      INTRODUCTION

T-Jat's claims are directed to the abstract idea of translating communications between incompatible devices.  T-Jat argues that its claims are nonetheless eligible for patent protection because its claims purport to solve a technical problem and the recited "virtual client entity" is a specific way of achieving translation.  Both arguments fall short.  First, there is nothing innately technical about the idea of translating communications from one format into another.  Even if there were, courts routinely invalidate claims—even those purportedly directed to a technical problem—if (as here) they are directed to an abstract idea.  Second, T-Jat is simply wrong in arguing that there are particular characteristics of its "virtual client entity" that provide an inventive concept.  The allegedly inventive characteristics T-Jat identifies are inherent to the concept of translation.  T-Jat's claims are indistinguishable from claims found ineligible.

T-Jat also fails to overcome Expedia-WA's showing of improper venue.  T-Jat argues that Expedia-WA waived its venue defense, but Expedia-WA's defense was not previously available.  And the established factual record in this case shows venue is improper.

# II.     ARGUMENT

## A.      *Alice* Step One:  T-Jat's Claims Are Directed to an Abstract Idea, Regardless of the Allegedly "Technical" Nature of the Claims

### 1.      T-Jat's "Technical Solution" Argument Is Unfounded

In its opening brief, Expedia showed that the claims at issue are "directed to the abstract idea of translating communications into another format to allow a mobile device to access and use them . . . ."  (D.I. 26 at 7).  The principal theme of T-Jat's opposition is that its data translation claims are not directed to an abstract idea "[b]ecause the problem addressed and the claimed solution are technical in nature."  (*See* D.I. 28 at 8; *see also id.* at 6 (arguing that the claims are directed to "a problem necessarily rooted in computer, telephony, and Internet technology"; *id.* at 7 (arguing that the asserted claims address "a technical problem with no analogue in the human or business world.")).  The problem with T-Jat's argument is that—as

much as it urges to the contrary—there is nothing innately technical about translating communications from one format into another.  T-Jat's claims are directed to an abstract idea.

### 2. District Courts and the Federal Circuit have Properly Concluded that Purportedly "Technical" Solutions Are Nonetheless Abstract Ideas

Even if T-Jat's claims were directed to solving a specific technical problem, which they are not, courts routinely invalidate claims that are "squarely technical" if, as here, they are directed to an abstract idea.  *See, e.g.*, *Fitbit, Inc. v. AliphCom*, 233 F. Supp. 3d 799, 806 (N.D. Cal. 2017) ("[N]ot all claims relating to computer technologies are not abstract.  Where the focus of the claims is on certain independently abstract ideas that use computers as tools instead of an improvement in computers as tools, claims may fail [*Alice*] step one.") (internal quotation marks omitted).  Indeed, in a case—like this one—that involved the allegedly technical problem of "incompatible devices and formats," this Court found the claims ineligible even though the plaintiff insisted they solved a particular problem unique to the work of computers.  *Novo Transforma Techs., LLC v. Sprint Spectrum L.P.,* No. CV 14-612-RGA, 2015 WL 5156526, at *3 (D. Del. Sept. 2, 2015) (Andrews J.), *aff'd*, 669 F. App'x 555 (Fed. Cir. 2016).

Other courts have likewise rejected T-Jat's argument, with the Federal Circuit affirming.  *See, e.g.*, *Appistry, Inc. v. Amazon.com, Inc.*, 195 F. Supp. 3d 1176, 1181 (W.D. Wash. 2016) (rejecting argument that the claims were valid because "they do not claim solutions to mathematical equations or business problems," and holding, "*the fact that [the] inventions here are implemented on computers or **only exist in the computing realm** does not save them*.") (emphasis added), *aff'd*, 676 Fed. App'x. 1008 (Fed. Cir. 2017), *cert. denied*, 137 S. Ct. 2311 (2017); *Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 Fed. App'x. 988, 992 (Fed. Cir. 2014) ("[T]he category of patent-ineligible abstract ideas *is not limited to methods that can be performed in the human mind*.") (citing *Bilski v. Kappos*, 561 U.S. 593, 610 (2010)) (emphasis

added).  Thus, T-Jat's suggestion that its claims are patent eligible because they are directed to a technical solution for translation in the context of mobile internet communications is false.

### 3. The "Particular Characteristics" of the "Virtual Client Entity" Do Not Save the Asserted Claims from Ineligibility

As a fallback position, T-Jat wrongly argues that the "degree of technical detail" for the "virtual client entity" element of its claims saves those claims from patent ineligibility.  (*See* D.I. 28 at 8-10).  Specifically, T-Jat relies on three "particular characteristics" of the "virtual client entity": (1) it is specific to the telephone device and the Internet-based application; (2) it is created to allow communication between the telephone device and the Internet-based application; and (3) it is maintained only for the duration of the communication session.  (*See* D.I. 28 at 8, 10, 11).  These "particular characteristics," however, are inherent to the concept of translation.  A structure that translates data between two incompatible pieces of hardware must be specific to those two pieces of hardware.  Likewise, a translator is necessarily "created to allow communication" between the hardware.  Finally, a translation lasts only as long as the communications being translated.  These features impart no patent eligibility to the claims.

T-Jat also seeks to distinguish *Yodlee* on the basis that "[n]othing in the invalidated *Yodlee* claims approached [the] level of technical detail" of the "particular characteristics" of the claims at issue here.  (D.I. 28 at 8).  This, too, is wrong.  Expedia has shown, and T-Jat appears not to dispute, that the asserted claims are directed to data translation from one format to another to overcome hardware incompatibilities.  That is an abstract idea.[1]  In order to save the asserted

---

[1] T-Jat argues that Expedia did not articulate the abstract idea covered by these claims (*see* D.I. 28 at 10) but that is false.  (*See, e.g.*, D.I. 26 at 6 ("This type of intermediated communication, in which data are translated from one format to another to overcome hardware limitations, is precisely the type of claim this Court has found to be abstract and patent ineligible under *Alice*."); *id.* at 7 ("[T]he claims at issue here are likewise directed to the abstract idea of translating communications into another format to allow a mobile device to access and use them, which is an abstract idea under *Alice* step one.")).

claims from ineligibility, T-Jat must point to language in the asserted claims that conveys ***how*** that translation occurs. *See, e.g., Yodlee, Inc. v. Plaid Techs. Inc.*, No. CV 14-1445-LPS, 2016 WL 2982503, at \*23 (D. Del. May 23, 2016), *report and recommendation adopted,* No. CV 14-1445-LPS-CJB, 2017 WL 385039 (D. Del. Jan. 27, 2017) ("[I]n order to pass step one, the language of [the asserted claims] need to convey at least some amount of specificity as to ***how*** that 'restructuring' is to be accomplished.  Put differently, if the claim language simply amounts to an instruction to 'transform data' (without any meaningful nod as to ***how*** to do so), the claims would be directed to nothing more than an abstract idea.") (emphases added).  T-Jat itself acknowledges this requirement.  (D.I. 28 at 7).  And yet, T-Jat has not made, and cannot make, this showing:  The "particular characteristics" lack any disclosure as to ***how*** the "virtual client entity" accomplishes the intermediated communication described by the asserted claims.

Indeed, T-Jat's reliance on the vaguely-defined "virtual client entity" to attempt to save the asserted claims is very similar to the argument that was considered and rejected by the Federal Circuit in *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315 (Fed. Cir. 2017) ("*Erie*").  In *Erie*, the Federal Circuit affirmed a finding of invalidity with respect to a patent that disclosed a "mobile interface" that could be called up on a user's mobile device, which purportedly allowed the user to retrieve and access remotely stored documents, images and applications, irrespective of the user's location or device.  *Erie,* 850 F.3d at 1329-30.  The patent owner argued, as T-Jat does here, that the "mobile interface" was "a particular software-driven machine that performs specific operations to solve a problem unique to the field of computer networks."  *Id*. at 1330.  The Court of Appeals was not persuaded because "the claimed invention does not recite any particular unique delivery of information through this mobile interface[,] . . . *[n]or do the claims describe **how** the mobile interface communicates with other*

*devices or any attributes of the mobile interface, aside from its broadly recited function.*"   *Id.* at 1330 (emphasis added).

Finally, T-Jat suggests that the "technological environment" of the claims, together with the "particular characteristics" of the "virtual client entity," forms the inventive concept that saves the claims from ineligibility.  (D.I. 28 at 11).  This, too, is unavailing.  The Federal Circuit has held that "although the claims [may] limit the abstract idea to a particular environment— [such as] a mobile telephone system—that does not make the claims any less abstract for the step 1 analysis."   *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016).  Similarly, other district courts have recently reaffirmed that "[r]estricting older, abstract ideas to certain technological environments also does not make them not abstract."   *Fitbit*, 233 F. Supp. 3d at 806 (*citing FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1094 (Fed. Cir. 2016) (observing that ineligible claims "merely implement an old practice in a new environment.")).  The same is true here: T-Jat's claims simply take the known abstract idea of translation between otherwise incompatible hardware, and implement that idea in the context of intermediated communication between a mobile device and Internet-based application.  Although T-Jat may wish otherwise, the case law is clear: the elements in these claims are insufficient for eligibility.

### 4.    The Asserted Claims Are Distinguishable From Those That Have Been Found Valid Under Section 101

The language of the asserted claims is not comparable to the innovations that **have** previously qualified for patent protection even after *Alice*.  For example, the *Enfish* claims recited a specific set of data structures used to create a database.  *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327. 1336 (Fed. Cir. 2016) ("a plurality of logical rows," "a plurality of logical columns intersecting said plurality of logical rows to define a plurality of logical cells," and "means for indexing data stored in said table" that were defined—through means plus function

claiming—by reference to a particular algorithm in the specification).  In contrast, the asserted claims recite no data structure used to create the "virtual client entity."

Similarly, the claims upheld in *PalTalk Holdings, Inc. v. Riot Games, Inc.,* dealt with distributed messaging between computers in a network environment, which was a "technical challenge[] unique to the world of interactive software applications shared over a computer network."  No. CV 16-1240-SLR, 2017 WL 2106124, at *5 (D. Del. May 15, 2017).  The claim language that was found valid specifically identified the payload portions of those messages.  *Id.* at *3  Here, in contrast, the asserted claims do not discloses how to identify the "virtual client entity," other than "particular characteristics" that are inherent to the concept of a translation.

Further, in *McRO, Inc. v. Bandai Namco Games Am. Inc.,* the Federal Circuit found that patents that automated part of a preexisting method for 3-D facial expression animation were not abstract because they "focused on a specific asserted improvement in computer animation, *i.e.,* the automatic use of rules of a particular type."  837 F.3d 1299, 1314 (Fed. Cir. 2016).  The language of the asserted claims disclosed very specific rules for that operation.  *Id.* at 1307-08 (recounting, for example, the rules for "defin[ing] output morph weight set stream as a function of phoneme sequence and time of said phoneme sequence" and "generating an intermediate stream of output morph weight sets . . . by evaluating said plurality of sub-sequences against said first set of rules").  T-Jat's claims are broader and more abstract.  Instead of reciting ***how*** data translation takes place, the asserted claims simply disclose the general concept of intermediated communication via the black-box of the "virtual client entity."  (*See also* D.I. 26 at 10 (discussing why *Messaging Gateway* supports ineligibility here)).[2]

---

[2] T-Jat seeks to rely on *Messaging Gateway* by arguing that the Court there "did not demand (as Expedia does) that the claims elaborate in any particular detail 'how' the invention operated."  This is incorrect.  *See Messaging Gateway*, Sols., LLC v. Amdocs, Inc., Case No. CV 14-732-

Thus, neither *Enfish, Paltalk, McRo*, nor other cases that upheld the validity of claims rooted in improvements to computer technology are apposite here.[3]   The Court should instead follow the approach taken in *Callwave Communications*, which T-Jat does not address, and which is on point.  *See Callwave Commc'ns, LLC v. AT&T Mobility*, 207 F. Supp. 3d 405, 412-14 (D. Del. 2016) (finding that "adding a vaguely defined intermediary that selectively forwards requests and returns responses does not make the underlying abstract idea any more concrete," and criticizing patent owner for "merely parrot[ing] this vague claim language repeatedly," while failing to give "any sort of explanation as to how these steps are performed from a technological point of view.").   Other than repeatedly referencing the "virtual client entity" and describing the asserted claims as technical in nature, T-Jat has not (and cannot) show that these patents are directed to anything more concrete than intermediated communication, in which data are translated from one format to another to somehow overcome hardware limitations.

### 5.      T-Jat's Preemption Arguments Fail

T-Jat's argument that the "substantial technical detail of the asserted claims here would

---

RGA, 2015 WL 1744343 at *5 (D. Del. Apr. 15, 2015) (upholding claim as valid only because "[i]t specifie[d] *how* an interaction between a mobile phone and a computer is manipulated in order to achieve a desired result which overrides conventional practice" (emphasis added)).

[3] The parties agree that the specification can provide some guidance in the Section 101 analysis. (*See* D.I. 26 at 11; D.I. 28 at 12). However, as Expedia noted in its opening brief, courts in this District have correctly held that ultimately the ***claim language*** must disclose the inventive concept. (*See* D.I. 26 at 11).   Recently, a divided Federal Circuit held that if the claims are specific enough, the specification can provide additional information about how the invention operates.  *See Visual Memory LLC v. NVIDIA Corp.* No. 2016-2254, 2017 WL 3481288 (Fed. Cir. Aug. 15, 2017).   While not directly addressing the issue of the weight to be given to the claim language, the majority did note that the patents at issue in that case included a microfiche appendix with 263 frames of computer code, which provide a significant amount of technical specificity.  *Id.*  at *5.  The same cannot be said of the specification in the present case.  Here, although the specification provides some examples of translation between the telephone device and Internet-application server, it does not provide any structural specificity for the "virtual client entity."  The "virtual client entity" is nothing more than a "black box," which—unlike the claims in *Visual Memory*—provides no details about *how* the claimed invention is achieved.

not preempt every manner of implementing an abstract idea" (D.I. 28 at 13-14) also fails. Contrary to T-Jat's assertion, these claims undeniably preempt every implementation of a separate translator.[4] Moreover, the "virtual client entity" is described in purely functional terms, which is a harbinger of ineligibility. *Internet Patents Corp. v. Active Network, Inc.,* 790 F.3d 1343, 1348 (Fed. Cir. 2015) (upholding the ineligibility finding because "although ['maintaining state'] is stated to be the essential innovation'" "claim 1 contains no restriction on ***how*** the result is accomplished." (emphasis added)).  T-Jat's claims here do not restrict ***how*** the "virtual client entity" performs the translation.  Thus, the claims effectively preempt all forms of intermediated communication between a telephone device and an Internet-based application residing on a remote server.

Further, and in any event, "the absence of complete preemption does not demonstrate patent eligibility." *FairWarning IP, LLC v. Iatric Sys., Inc.,* 839 F.3d 1089, 1098 (Fed. Cir. 2016) (citation omitted).  T-Jat's reliance on purportedly non-infringing alternatives is therefore irrelevant.  Indeed, this reasoning has been specifically considered and rejected in the past.  For example, in *Ariosa Diagnostics,* the patent owner attempted to limit the breadth of the challenged claims by pointing to non-infringing uses that were ostensibly outside of the scope of the claims, and argued that therefore, there was no preemption.  *Ariosa Diagnostics, Inc. v. Sequenom, Inc.,* 788 F.3d 1371, 1379 (Fed. Cir. 2015)*, cert. denied,* 136 S. Ct. 2511 (2016).  The Federal Circuit was not persuaded, finding that these examples did not "change the conclusion that the claims are directed to patent ineligible subject matter."  *Id.*  Further, the Court noted that "[w]here a patent's claims are deemed only to disclose patent ineligible subject matter under the *Mayo*

---

[4] It is telling that the only non-preempted examples T-Jat can muster require incorporating translation code into one of the pieces of hardware, *i.e.* teaching one of the devices the language of the other.  (D.I. 28 at 14).  That is not a translator; T-Jat has preempted all translators.

framework, as they are in this case, preemption concerns are fully addressed and made moot."
*Id.* T-Jat's non-preemption arguments fail and are no basis for finding patent eligibility here.

### B.     Delaware is Not the Proper Venue for T-Jat's Claims against Expedia-WA

#### 1.     Expedia-WA's Venue Defense Was Not Previously Available

Rule 12(g) allows parties to bring venue defenses not available at the time of the first responsive pleading. *See* Fed. R. Civ. P. 12(g). Expedia-WA's venue defense was not available when Defendants collectively moved to dismiss T-Jat's First Amended Complaint for two reasons. *First*, as Chief Magistrate Judge Thynge held, T-Jat's prior complaints did not inform Expedia-WA what acts of infringement (if any) it allegedly committed.[5]  Accordingly, Expedia-WA could not address, until now, T-Jat's allegations that Expedia-WA has "committed acts of infringement in this judicial district" and "has a regular and established place of business in this district." (D.I. 24 at 7; *see also* D.I. 10 at 6). Moreover, the fact that T-Jat added detailed new venue allegations in its present complaint shows that it does not believe waiver occurred.

*Second*, a venue defense is not available if "its legal basis did not exist at the time of the answer or preanswer motion." *Gilmore v. Palestine Interim Self-Gov't Auth.*, 843 F.3d 958, 964–65 (D.C. Cir. 2016). Here, there was no legal basis for Expedia-WA's Rule 12(b)(3) motion until May 22, 2017, when the Supreme Court decided *TC Heartland*. Six months earlier, when Defendants originally moved to dismiss, *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), had been controlling venue authority in patent cases for 27 years.[6]

---

[5] D.I. 20 at 15 (holding that "the allegations as to Expedia-DE and Expedia-WA do not clarify that each defendant committed at least one infringing act" and "the first amended complaint fails to provide Defendants with adequate notice of the direct infringement allegations against them").

[6] *See OptoLum, Inc. v. Cree, Inc.*, No. CV-16-03828-PHX-DLR., 2017 WL 3130642, at *2 (D. Ariz. July 24, 2017) (explaining that "*VE Holding* remained good law for nearly 30 years" and finding no waiver); *see also Valspar Corp. v. PPG Indus., Inc.*, No. 16-CV-1429 (SRN/SER), 2017 WL 3382063, at *4 (D. Minn. Aug. 4, 2017) ("The Court concludes that PPG cannot fairly

### 2.      There Is No Basis for Venue Over Expedia-WA

T-Jat does not, and could not, allege that either Expedia-WA or Expedia-DE has employees, operations, facilities, or computer equipment in Delaware.  (D.I. 28 at 17).[7]  Instead, T-Jat advances the novel theory that Expedia-DE's corporate residence in Delaware is sufficient to establish venue because T-Jat has alleged that Expedia-WA is an agent of Expedia-DE.  (D.I. 28 at 18-19).  That argument conflates the two prongs of 28 U.S.C. § 1400(b).  If Expedia-DE had a regular and established place of business in Delaware, there might be a plausible allegation that its agent likewise had such a place of business.  That was the argument that carried the day in the only case T-Jat cites.  *See Aileen Mills Co. v. Ojay Mills*, 192 F. Supp. 131, 134-35 (S.D.N.Y. 1960).  Here, however, Expedia-DE has no place of business in Delaware.  Its corporate *residency* in Delaware is insufficient to establish a *place of business* there for its agent.

## III.     CONCLUSION

For the foregoing reasons, the Court should grant Expedia's motion.

---

be held to have waived the defense of improper venue because the defense was not available to it before the Supreme Court's decision in *TC Heartland*, which the Court finds to have been an intervening change in the law."); *Ironburg Inventions Ltd. v. Valve Corp.*, No. 1:15-cv-4219-TWT, 2017 WL 3307657, at *2–*3 (N.D. Ga. Aug. 3, 2017) (finding TC Heartland to be an intervening change of law and holding that movant had not waived its improper venue defense by raising it for the first time in a response to a second amended complaint).

[7] T-Jat's suggestion that there are no factual declarations showing those facts is simply wrong. The parties have long discussed, and presented to the Court, detailed statements regarding Expedia-DE and Expedia-WA's operations.  (*See, e.g.*, D.I. 15 Ex. B; D.I. 17).  Chief Magistrate Judge Thygne relied on those declarations.  (*See* D.I. 20 at 7 n.45).  Nonetheless, in response to T-Jat's new venue argument, to make things clearer for the Court (and despite the absence of any dispute), Expedia-WA is submitting a declaration with this reply that was executed during the parties' original discussions.  No discovery is necessary because T-Jat's claims are based solely on Expedia's travel websites and apps accessible in Delaware.  (*See* D.I. 15; D.I. 16 at 1 (confirming that T-Jat is targeting Expedia's "travel services available in this district through various websites"); D.I. 17).  That is not sufficient to establish venue.  *See, e.g.*, *Hsin Ten Enter. USA v. Clark Enter.*, 138 F. Supp. 2d 449, 460–61 (S.D.N.Y. 2000).

Dated:  September 8, 2017

**K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi, Esq. (#3484)
600 N. King Street
Suite 901
Wilmington, DE 19801
Phone: 302.416.7080
steven.caponi@klgates.com

-and-

Theodore J. Angelis
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Telephone: (206) 623-7580
Email: theo.angelis@klgates.com

Eric A. Prager
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 536-3900
Email: eric.prager@klgates.com

*Counsel for Defendants Expedia, Inc. (DE),*
*Expedia Inc. (WA) and Orbitz Worldwide,*
*Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 8, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Steven L. Caponi*
Steven L. Caponi (#3484)