IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| T-JAT SYSTEMS 2006 LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-581-RGA |
| | ) |
| EXPEDIA, INC. (DE), EXPEDIA, INC. | ) |
| (WA), and ORBITZ WORLDWIDE, INC., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S MOTION FOR RECONSIDERATION

*Of Counsel:*

Guy Yonay
Daniel Melman
PEARL COHEN
  ZEDEK LATZER BARATZ LLP
1500 Broadway, 12th Floor
New York, NY 10036
(646) 878-0800

Dated: April 11, 2018

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiff T-Jat Systems 2006 Ltd.*

# TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

I.    INTRODUCTION ................................................................................................... 1

II.   BACKGROUND ..................................................................................................... 1

III.  LEGAL STANDARD ............................................................................................. 4

IV.  ARGUMENT .......................................................................................................... 5

      A.    The Court's Memorandum Opinion is Based on a Clear Error of Apprehension ........ 5

      B.    Expedia-WA is Subject to Venue in this District ............................................. 6

      C.    T-Jat Should Be Permitted to Obtain Venue-Related Discovery ................................. 8

V.   CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*BP Amoco Chem. Co. v. Sun Oil Co.*,
  200 F. Supp. 2d 429 (D. Del. 2002)......................................................................................... 4

*Brambles USA, Inc. v. Blocker*,
  735 F. Supp. 1239 (D. Del. 1990)............................................................................................ 4

*Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*,
  2017 U.S. Dist. LEXIS 194877 (D. Del., Nov. 28, 2017) ...................................................... 10

*Carona v. Falcon Servs. Co.*,
  72 F. Supp. 2d 731 (S.D. Tx., 1999)........................................................................................ 9

*Dentsply Int'l,Inc. v. Kerr Mfg. Co.*,
  42 F. Supp. 2d 385 (D. Del. 1999).......................................................................................... 4

*Helios Software, LLC v. Awareness Techs., Inc.*,
  C.A. Nos. 11-1259-LPS, 12-081-LPS, 2014 WL 906346 (D. Del. Mar. 05, 2014) .................... 4

*Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG,
  2017 U.S. Dist. LEXIS 193581 (E.D. Tex. Nov. 22, 2017)................................................. 8, 9

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017).................................................................................... 6, 8, 9

*Karr v. Castle*,
  768 F. Supp. 1087 (D. Del. 1991).......................................................................................... 4, 6

*Mallinckrodt IP*, *v. B. Braun Medical Inc.*, No. 17-365-LPS,
  2017 U.S. Dist. LEXIS 205593 (D. Del. Dec. 14, 2017) ..................................................... 3, 8, 9

*Max's Seafood Cafe v. Quinteros*,
  176 F.3d 669 (3d Cir. 1999).................................................................................................. 4, 6

*Minnesota Mining & Manufacturing Co. v. Eco Chemicals, Inc.*,
  757 F.2d 1256 (Fed. Cir. 1985)................................................................................................ 7

*Myers v. Am. Dental Ass'n*,
  695 F.2d 716 (3d Cir. 1982)..................................................................................................... 8

*National Computer Ltd. v. Tower Indus., Inc.*,
  708 F. Supp. 281 (N.D. Cal. 1989) .......................................................................................... 9

*Oppenheimer Fund, Inc. v, Sanders*,
    437 U.S. 340 (1978) .................................................................................................................. 9

*Pharmastem Therpeutics, Inc. v. ViaCell, Inc.*,
    C.A. No. 02-cv-148, 2004 WL 2898061 (D. Del. Dec. 14, 2004)............................................... 4

*Plexxikon Inc. v. Novartis Pharm. Corp.,* No. 17-cv-04405-HSG,
    2017 U.S. Dist. LEXIS 201984 (N.D. Cal. Dec. 7, 2017)........................................................ 8, 9

*Taylor v. Creditel Corp.*, No. 04-CV-2702,
    2004 U.S. Dist. LEXIS 25149 (E.D. Pa. Dec. 13, 2004)............................................................. 9

*Toys "R" Us Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003)........................................................................................................ 9

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................................ 2, 6, 7

I.     INTRODUCTION

Plaintiff T-Jat Systems 2006 Ltd. ("T-Jat") respectfully moves, pursuant to Local Rule 7.1.5, for reconsideration of the portion of the Court's Memorandum Opinion dismissing Defendant Expedia, Inc. (WA) ("Expedia-WA") for improper venue. (D.I. 45 "Memorandum Opinion".) Venue over Expedia-WA in this judicial district is proper at least because of its operations in Delaware through a physical retail and service store of one of its wholly owned subsidiaries.

This uncontroverted and material fact – withheld throughout this litigation and omitted by Expedia-WA in its motion papers and in a supporting declaration – was discovered by T-Jat only after briefing on the motion was completed. T-Jat raised this material fact with the Court on January 8, 2018, in a Notice of Subsequent Authority (D.I. 38.), in which it also brought to the Court's attention a recent decision from this district, holding that the places of a defendant's affiliates, subsidiaries, parents, or alter egos in Delaware may be attributable to the defendant for purposes of venue. Accordingly, T-Jat renewed its request that, if the Court was not inclined to deny Expedia-WA's motion to dismiss for improper venue, it be permitted to take venue-related discovery to determine whether Expedia-WA or any of its parents, subsidiaries, affiliates, agents, or alter egos has a regular and established place of business in Delaware. (D.I. 38 at 2.)

The Court's Memorandum Opinion does not address the facts surrounding the physical location of Expedia-WA's wholly owned subsidiary in Delaware raised in T-Jat's January 8, 2018 notice. Accordingly, T-Jat respectfully requests reconsideration of the portion of the Court's Memorandum Opinion dismissing Expedia-WA for improper venue.

II.    BACKGROUND

On July 7, 2017, T-Jat filed its Second Amended Complaint for patent infringement ("SAC") against Defendants Expedia, Inc. (DE) ("Expedia-DE"), Expedia-WA, and Orbitz Worldwide, Inc. (D.I. 24.) Regarding venue over Defendant Expedia-WA, T-Jat alleged that, pursuant to 28 U.S.C. § 1400(b):

> Defendant Expedia-WA committed acts of infringement in this judicial district, has purposefully engaged in persistent courses of conduct in this district including transacting substantial business in this district and deriving substantial revenue from services provided to individuals in this district, and Expedia-DE controls or otherwise directs and authorizes the activities and operations of Expedia-WA including the infringing acts alleged herein and is the primary beneficiary of Expedia-WA's expected profits and, therefore, Expedia-WA has a regular and established place of business in this district.

(*Id.* at ¶ 16.) Thus, T-Jat alleged that venue in this case was proper as against Expedia-WA because it has committed acts of infringement in this judicial district and has a regular and established place of business in this district through its own "purposeful[] engage[ment] in persistent courses of conduct . . . including transacting substantial business in this district and deriving substantial revenue from services provided to individuals in this district" and because Expedia-DE (an undisputed corporate resident of, and subject to venue in, this district) "controls or otherwise directs and authorizes the activities and operations of Expedia-WA . . . and is the primary beneficiary of Expedia-WA's expected profits."

On July 21, 2017, Defendants filed their motion to dismiss the SAC for failure to state a claim and for improper venue. (D.I. 25.) In their opening brief, Defendants argued that "T-Jat does not (and could not consistent with Rule 11), allege that Expedia-WA or its corporate parent . . . Expedia-DE have any employees, operations, facilities, or computer equipment in Delaware," and told the Court that Expedia-WA has no presence in Delaware. (D.I. 26 at 1 – 2, 13.)[1]

---

[1] Expedia-WA did not challenge T-Jat's allegations that it has committed acts of infringement in

{01311587;v1 }

In their September 8, 2017, reply brief, Defendants again argued that "T-Jat does not, and could not, allege that either Expedia-WA or Expedia-DE has employees, operations, facilities, or computer equipment in Delaware." (D.I. 30 at 10.) Defendants also stated that they had "long discussed [with T-Jat], and presented to the Court detailed statements regarding Expedia-DE and Expedia-WA's operations." (*Id.* at n. 7.) In addition, Defendants included a declaration with their reply brief from Michael Marron, Expedia-WA's Vice President, Associate General Counsel and Assistant Secretary, "to make things clearer for the Court . . . ." (*Id.*)

In his declaration, Mr. Marron stated that he has "been employed by Expedia WA since March 2006, and [has] held [his] current position since March 2012"; and that "[his] job requires [him] to have general knowledge of the assets owned by, and the operations of . . . Expedia WA . . . ." (*See* D.I. 31 at ¶¶ 1, 6.) Mr. Marron then declared that "[n]either Expedia WA nor Orbitz have any operations, facilities, employees, or computer equipment in Delaware." (*Id.* at ¶ 10.)

On January 8, 2018, T-Jat submitted a Notice of Subsequent Authority in connection with Defendants' motion to dismiss. (D.I. 38.) In its notice, T-Jat brought to the Court's attention the recent decision in *Mallinckrodt IP*, *v. B. Braun Medical Inc.*, No. 17-365-LPS, 2017 U.S. Dist. LEXIS 205593 (D. Del. Dec. 14, 2017), in which Judge Stark held "that the 'places' of any [Defendant] entity, including [Defendant's] affiliates, subsidiaries, parents, or alter egos, may be attributable to [Defendant] for purposes of venue." *Id.* at *7.

T-Jat also noted that it had just discovered that one of Expedia-WA's wholly owned subsidiaries, CruiseShipCenters International Inc. ("Expedia CSC"), has a regular and established place of business in Delaware through the operation of a physical retail and service store. Accordingly, T-Jat renewed its request that, if the Court was not inclined to deny Expedia-WA's

this district.

motion to dismiss for improper venue, it be permitted to take venue-related discovery to determine whether Expedia-WA or any of its parents, subsidiaries, affiliates, agents, or alter egos has a regular and established place of business in Delaware. (D.I. 38 at 2.) In its response to T-Jat's notice, Expedia-WA did not dispute this material fact. (D.I. 41.)

In its Memorandum Opinion, dismissing Expedia-WA for improper venue, the Court did not address T-Jat's Notice of Subsequent Authority regarding Expedia-CSC's physical retail and service store in the district.

### III. LEGAL STANDARD

The Court has discretion to grant a motion for reconsideration. *See, e.g.*, *Dentsply Int'l,Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). Reconsideration is appropriate "to correct a clear error of law or fact to prevent manifest injustice," *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), such as where the Court "has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension," *Helios Software, LLC v. Awareness Techs., Inc.*, C.A. Nos. 11-1259-LPS, 12-081-LPS, 2014 WL 906346, at *1 (D. Del. Mar. 05, 2014). In particular, "the court should reconsider a prior decision when it appears the court has overlooked facts . . . which, had they been considered, might reasonably have altered the result." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991); *see also, e.g.*, *Pharmastem Therpeutics, Inc. v. ViaCell, Inc.*, C.A. No. 02-cv-148, 2004 WL 2898061, at *1 (D. Del. Dec. 14, 2004).

"While these situations are seldom present, the Court should not hesitate to grant the motion when compelled to . . . correct clear error." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). Thus, "[w]hen such motions are based on meritorious grounds . . ., they present the court with an opportunity to correct erroneous rulings." *BP Amoco Chem. Co. v. Sun*

*Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002).

IV.   ARGUMENT

    A. **The Court's Memorandum Opinion is Based on a Clear Error of Apprehension**

Although Expedia-WA and its counsel have repeatedly represented to T-Jat and to the Court that Expedia-WA does not have any operations or facilities in Delaware (*See, e.g.*, D.I. 30 at 10 n. 7 (stating that Defendants have "long discussed, and presented to the Court, detailed statements regarding Expedia-DE and Expedia-WA's operations"), Judge Stark has held "that the 'places' of any [Defendant] entity, including [Defendant's] affiliates, subsidiaries, parents, or alter egos, may be attributable to [Defendant] for purposes of venue." *Mallinckrodt IP.*, 2017 U.S. Dist. LEXIS 205593 at *7. Moreover, uncontroverted evidence shows that Expedia-WA maintains operations in the district through a physical retail and service store of its wholly owned subsidiary.

First, Expedia-WA has admitted that Expedia CSC is its wholly owned subsidiary. *See* Exhibit 1 (Expedia CSC's Corporate Disclosure Statement pursuant to Fed. R. Civ. P. Rule 7.1)[2] Next, as shown in the photo below, obtained from Google Maps, there can be no dispute that there is an Expedia CruiseShipCenters physical retail and service store, located at 126 Fox Hunt Drive, Bear, Delaware 19701.[3] The store's sign incorporates the Expedia logo, and a sign in front of the store proclaims that "YES!" – customers can make and purchase "Tour and Travel" through "Full Service" at this location. Additionally, Expedia-WA's wholly owned subsidiary, Expedia CSC,

---

[2] This corporate disclosure statement, dated May 5, 2016 (more than two months prior to the filing of T-Jat's original complaint in this action), was previously submitted by Expedia-WA in this action in connection with Defendants' first motion to dismiss. (D.I. 15, Exhibit A.)

[3] The Expedia CruiseShipCenters store is located at 126 Fox Hunt Drive, although a photo of the location on Google Maps mistakenly indicates the address as 26 Fox Hunt Drive. *See* https://www.google.com/maps/place/126+Fox+Hunt+Dr,+Bear,+DE+19701/@39.606593,-75.7133688,3a,75y,166.65h,90t/data=!3m6!1e1!3m4!1sesdNaom-xdg18ZJI5Bt9-A!2e0!7i13312!8i6656!4m5!3m4!1s0x89c7078abbba29bd:0xcafeb3b81655c1c0!8m2!3d39.6063721!4d-75.7132746

{01311587;v1 }

advertises that this retail and service store is open for business seven days a week. *See* https://www.cruiseshipcenters.com/en-US/900099/Contact.



Had the true facts regarding Expedia-CSC's operations and location in Delaware been known to T-Jat and considered by the Court, T-Jat's respectfully submits that the motion would have been denied. This was a clear error of fact and apprehension, resulting in manifest injustice. *See Karr*, 768 F. Supp. at 1093; *see also Max's Seafood Cafe*, 176 F.3d at 677. Accordingly, the Court should reconsider its Memorandum Opinion as to venue over Expedia-WA.[4]

### B. **Expedia-WA is Subject to Venue in this District**

As set forth by the Federal Circuit, in *In re Cray*, 871 F.3d 1355, 1362 (Fed. Cir. 2017), the three general requirements relevant to the "regular and established place of business" inquiry under 28 U.S.C. § 1400(b) are (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.

---

[4] T-Jat is not seeking reconsideration of the portion of the Court's Memorandum Opinion that rejected T-Jat's venue argument based on Expedia-WA's agency relationship with co-Defendant Expedia-DE; but reserves its right to appeal that determination.

{01311587;v1 }

Since the *Cray* decision, courts have held that a physical location, such as a store, from which a defendant conducts its business qualifies as a "regular and established place of business" under § 1400(b). *See, e.g.*, *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581, at *24 (E.D. Tex. Nov. 22, 2017) ("[T]he presence of [defendant FedEx Corp.'s wholly-owned subsidiaries] in this District meets and exceeds what *Cray* requires. The various FedEx locations established in this District are not merely places from which Defendants happen to carry out business because of an employee or a customer. These locations are stores and facilities operated by Defendants for their business purposes and held out to consumers as places from which customers can tap into Defendants' vast shipping network."); *Plexxikon Inc. v. Novartis Pharm. Corp.*, No. 17-cv-04405-HSG, 2017 U.S. Dist. LEXIS 201984 (N.D. Cal. Dec. 7, 2017) (manufacturing and research facility satisfied the requirements of *Cray*).

Further, as Judge Stark observed in *Mallinckrodt*, "[i]t does not appear that *Cray* disturbed the prior holding of the Federal Circuit in *Minnesota Mining & Manufacturing Co. v. Eco Chemicals, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985), that venue in a patent infringement case [may be] proper with regard to one corporation by virtue of the acts of another, intimately connected, corporation" and, "[i]n fact, *Cray* can be read as having provided further support to the viability of [such a] theory." *Mallinckrodt IP*, 2017 U.S. Dist. LEXIS 205593, at * 8-9. As Judge Stark reasoned, "[i]n *Cray*, the Federal Circuit found that a defendant's employee's home may, in some circumstances, constitute a 'place of the defendant'" and "[i]t may be more likely with respect to corporate entities than it is with respect to employees for a regular and established place of business to be properly treated, for venue purposes, as a regular and established place of business of a named defendant." *Mallinckrodt IP*, 2017 U.S. Dist. LEXIS 205593, at * 8-9; *see also*, *e.g.*, *Intellectual Ventures II LLC*, 2017 U.S. Dist. LEXIS 193581;

*Plexxikon Inc.*, 2017 U.S. Dist. LEXIS 201984.

As shown above, there is no indication that the retail and service store located at 126 Fox Hunt Drive, Bear, Delaware 19701 is "sporadic" or "special;" on the contrary, by all indications, it is fixed and permanent. *See Cray*, 871 F.3d at 1362-63.[5] Furthermore, the Expedia logo on the sign of the store indicates that Expedia-WA has "ratified" the location as its own. *See id.* (marketing and advertising relevant to whether the defendant holds out a place for its business). Accordingly, Expedia-WA maintains operations and facilities in Delaware, at least through a physical retail and service store of is wholly owned subsidiary and, therefore, venue over Expedia-WA is proper. *See  Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982) (the burden of establishing improper venue lies with a defendant).

### C. T-Jat Should Be Permitted to Obtain Venue-Related Discovery

In the alternative, if the Court is not inclined to reconsider its Memorandum Opinion and deny Expedia-WA's motion to dismiss because it can't meet its burden of showing that it lacks a regular and established place of business in Delaware, T-Jat requests limited venue-related discovery based on the facts set forth above to determine whether venue over Expedia-WA in Delaware is proper.

Specifically, T-Jat should be permitted to take discovery regarding: (1) the corporate relationship between Expedia-WA and Expedia CSC; (2) the ownership, management and operation of the retail and service store located at 126 Fox Hunt Drive, Bear, Delaware 19701; (3) the presence of any Expedia-WA employees, agent, or computer equipment at that location; (4) the responsibility for compensating employees at that location; (5) the payment of utilities and rent

---

[5] Courts are permitted to look at evidence beyond facts alleged in the complaint in deciding a motion to dismiss for improper venue. *See, e.g.*, *Taylor v. Creditel Corp.*, No. 04-CV-2702, 2004 U.S. Dist. LEXIS 25149, at *5-6 (E.D. Pa. Dec. 13, 2004).

{01311587;v1 }

and tax records for that location; (6) and Expedia-WA's marketing materials and efforts and professional services at that location. *See Cray*, 871 F.3d 1355; *Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, 2017 U.S. Dist. LEXIS 194877 (D. Del., Nov. 28, 2017) (ordering venue-related discovery).[6]

As the Court stated in the Memorandum Opinion, "'where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'" (D.I. 45 at 16 n. 4 (quoting *Oppenheimer Fund, Inc. v, Sanders*, 437 U.S. 340, 351 n. 13 (1978)).) And, "[u]nless a plaintiff's claim is 'clearly frivolous,' jurisdictional discovery should be allowed." (*Id.* (quoting *Toys "R" Us Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)

T-Jat's Notice of Subsequent Authority raised new relevant authority and factual issues, not previously considered by the Court in its Memorandum Opinion, regarding Expedia-WA's regular and established place of business in Delaware and, accordingly, venue-related discovery into Expedia-WA and Expedia CSC's relationship is warranted and appropriate.[7]

## V. CONCLUSION

For the foregoing reasons, the Court should reconsider its Memorandum Opinion and deny Defendants' Motion as to improper venue over Expedia-WA (D.I. 25) or, in the alternative, permit T-Jat to take limited venue-related discovery of Expedia-WA.

---

[6] Such discovery likely can be obtained through a limited number of discovery requests and interrogatories and a limited Rule 30(b)(6) deposition.

[7] Should venue-related discovery reveal that Expedia-WA deliberately misrepresented or omitted material facts regarding its operations in Delaware and knowingly submitted a false declaration, T-Jat reserves its rights to request that the Court impose sanctions on Expedia-WA for its misconduct. *See, e.g., Carona v. Falcon Servs. Co.*, 72 F. Supp. 2d 731 (S.D. Tx., 1999) (submission of inconsistent affidavits and inaccurate representations in support of motion to transfer warranted imposition of sanctions); *National Computer Ltd. v. Tower Indus., Inc.*, 708 F. Supp. 281, 284 (N.D. Cal. 1989) (same).

{01311587;v1 }

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | */s/ Andrew C. Mayo* |
|  | _____ |
|  | John G. Day (#2403) |
|  | Andrew C. Mayo (#5207) |
|  | 500 Delaware Ave., 8th Floor |
|  | P.O. Box 1150 |
| *Of Counsel:* | Wilmington, DE  19899 |
|  | (302) 654-1888 |
| Guy Yonay | jday@ashbygeddes.com |
| Daniel Melman | amayo@ashbygeddes.com |
| PEARL COHEN ZEDEK LATZER BARATZ LLP |  |
| 1500 Broadway, 12th Floor | *Attorneys for Plaintiff T-Jat Systems 2006 Ltd.* |
| New York, NY  10036 |  |
| (646) 878-0800 |  |

Dated:  April 11, 2018