IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| T-JAT SYSTEMS 2006 LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 16-581-RGA |
| | ) |
| EXPEDIA, INC. (DE), EXPEDIA, INC. | ) |
| (WA), and ORBITZ WORLDWIDE, INC., | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and by their respective undersigned counsel, that this Stipulated Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the Parties and any non-parties in the above-captioned action.

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY STIPULATED AND AGREED,

## DEFINITIONS

1.      "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and outside counsel (and their support staff).

2.      "Material": all information, documents, items, and things produced, served, or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the parties or by non-parties.

{01382347;v1 }

3.     "Producing Party": a Party or non-party that produces Material in this action.

4.     "Receiving Party": a Party that receives Material from a Producing Party or from a Designating Party.

5.     "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

6.     "Source Code": Extremely sensitive CONFIDENTIAL Material representing computer code and associated comments and revision histories, disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. By way of example, "Source Code" subject to this paragraph may include RTL, HDL, microcode, and similarly sensitive design information.

7.     "CONFIDENTIAL Material":  Material that the Designating Party believes in good faith is not generally known to others, and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Copies, abstracts, compilations, summaries, and extracts of Materials designated as CONFIDENTIAL will also be treated as CONFIDENTIAL Material. For the avoidance of doubt, nothing in this Order shall require production of documents, information or other material that would otherwise fall within the definition of CONFIDENTIAL Material, but which a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.

8.     "OUTSIDE COUNSEL EYES ONLY Material":  Material that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected

by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Designating Party maintains as highly confidential in its business, including but not limited to information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party. This designation also includes Material obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. Copies, abstracts, compilations, summaries, and extracts of Materials designated as OUTSIDE COUNSEL EYES ONLY will also be treated as OUTSIDE COUNSEL EYES ONLY Material. For the avoidance of doubt, nothing in this Order shall require production of documents, information or other material that would otherwise fall within the definition of OUTSIDE COUNSEL EYES ONLY Material, but which a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.

9.      "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material": Source Code and copies, abstracts, compilations, summaries, and extracts of Source Code.

10.      "Designated Material": Material that is designated "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" and all copies, abstracts, compilations, summaries, and extracts of such Material.

11.      "Counsel of Record": (i) Outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters. "Counsel of Record" does not include any person who is an

employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party.

12. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a Party or its Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current or anticipated: (i) officer, director, or employee of a Party or of a Party's competitor, or (ii) consultant involved in product and/or process design or development for a Party or for a Party's competitor.

13. "Professional Vendors": persons or entities unaffiliated with a Party or a competitor of a Party that provide litigation support services (e.g., photocopying, videotaping, translating, preparing transcripts, exhibits, or demonstrations, organizing or processing data) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

14. "Relevant Technology": all technology relevant to the subject matter of the U.S. Patent Nos. 8,064,434 and 9,210,142 ("Patents-in-Suit") and the technology accused of infringing the Patents-in-Suit.

## SCOPE

15. Compliance with Applicable Rules Governing Confidentiality. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles or as otherwise defined herein as Designated Material.

## ACCESS TO DESIGNATED MATERIAL

16. Access to CONFIDENTIAL Material. Only the following persons are permitted to have access to CONFIDENTIAL Material:

(a) Up to two (2) employees of the Receiving Party to whom disclosure is

reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A;

(b)    persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c)    Counsel of Record;

(d)    Outside Consultants, subject to the procedures set forth in paragraphs 20-22;

(e)    the Court and its personnel;

(f)    court reporters;

(g)    a mediator engaged or assigned to mediate this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to be Bound by Protective Order" attached as Exhibit A and the "Certification of Outside Consultant" attached as Exhibit B; and

(h)    Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Agreement to be Bound by Protective Order" attached as Exhibit A.

17.    Access to OUTSIDE COUNSEL EYES ONLY Material. Only the persons identified in Paragraph 16(b)-(h) are permitted to have access to OUTSIDE COUNSEL EYES ONLY Material.

18.    Access to OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material. Only the persons identified in Paragraph 16(b)-(h) are permitted to have access to OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material.

19.    Acknowledgments to Be Bound. Each person to whom Designated Material may be disclosed and who is required to sign the "Acknowledgment and Agreement to Be Bound by Protective Order" and/or the "Certification of Outside Consultant" must do so prior to reviewing Designated Material. Counsel of Record for the Receiving Party must retain each original

executed document and, on written request, must provide copies to Counsel of Record for all other Parties after the termination of this action.  The identification of an individual pursuant to this Order does not make that individual subject to deposition or any other form of discovery.

## DISCLOSURE TO OUTSIDE CONSULTANTS

20.     Notice for Outside Consultant.  Before disclosing another party's Designated Material to an Outside Consultant, a Receiving Party must first provide written notice by hand-delivery or email to Counsel of Record (or outside counsel for a non-Party) for the Designating Party.  The notice must include: (a) the Outside Consultant's name, business title, business address, and business or profession; (b) a current CV; (c) the Outside Consultant's previous or current relationship (personal or professional) with any of the Parties and/or the Designating Party, their predecessors, or their successors in interest; (d) a list of cases in which the Outside Consultant has testified (at trial or deposition) within the last seven (7) years; (e) a list of all companies for which the Outside Consultant has consulted or that have employed the Outside Consultant, including in connection with a litigation, within the last seven (7) years; and (f) a signed copy of the Acknowledgment and Agreement to Be Bound by Protective Order attached as Exhibit A and the "Certification of Outside Consultant" attached as Exhibit B.

21.     Objections.  The Designating Party will have ten (10) calendar days from receipt of the notice to object to the disclosure.  The objection must identify the grounds for the objection.  If the Designating Party does not object during that ten-day period, then the Receiving Party may disclose Designated Material to the Outside Consultant pursuant to the terms of this Order.  However, if the Designating Party objects within that period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or order of an appropriate court.

22.     Judicial Intervention.  If an objection is made, the parties shall meet and confer within ten (10) calendar days of such objection to try to resolve the dispute by agreement.  If no agreement is reached, the Party wishing to prevent the disclosure may, within ten (10) calendar days following the conclusion of the initial ten (10) calendar day meet and confer period, move

the Court for an order that the designated individual be prohibited from accessing
CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY, or OUTSIDE COUNSEL
RESTRICTED – SOURCE CODE Material, or other appropriate relief using the discovery
dispute procedure as outlined by the Court.  No disclosure of any such Designated Material shall
be made by the Receiving Party to the Outside Consultant that is the subject of the Designating
Party's motion during this second ten (10) day period.  If the Designating Party so moves the
Court, no disclosure of any such Designated Material shall be made by the Receiving Party to the
Outside Consultant that is the subject of the Designating Party's motion until the Court rules on
the Designating Party's motion.

### INSPECTION AND PRODUCTION OF SOURCE CODE

23.     The Secure Room.  A Party's Source Code will be made available for inspection
in a secure room in computer searchable format on a stand-alone computer connected to a printer
(that is, a computer that is not connected to a network or the Internet and that is locked down so
that additional peripheral devices cannot be connected to it) during regular business hours on
reasonable notice, at a location in the United States selected by the Producing Party (the "Secure
Room").  The Producing Party shall consult with the Receiving Party regarding the location of
Secure Room, and shall endeavor to select a location that is reasonably convenient for the
Receiving Party.   The stand-alone computer shall include software utilities which will allow
counsel and experts to view and search the Source Code.  At a minimum, these utilities must
provide the ability to (a) view, search, and line-number any source file, and (b) search for a given
pattern of text through a number of files.  Before being admitted into the Secure Room, an
individual must provide a photo identification card issued by the government of a state of the
United States or by the national government of the individual's current citizenship.

24.     Review of Source Code.  No electronic devices are permitted in the Secure Room,
including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants,
cameras, voice recorders, telephone jacks, or other hardware.  Non-electronic devices capable of
similar functionality are also prohibited, as is loose paper that could be used in a printer.  Written

notes relating to the Source Code may be taken only in spiral- or permanently-bound notebooks. The Source Code may not be copied into the notes. Notwithstanding this provision, file name and location (*i.e.*, directory path) information may be copied into the notes. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review, but only to ensure compliance with this Order. The person performing such monitoring shall not record activity taking place in the Secure Room, and shall not report on any activities taking place in the Secure Room, other than as may be required to ensure compliance with this Order. The Producing Party shall provide a manifest of the contents of the computer to include a list of Source Code files available for review to the extent practicable.

25.     <u>Printing Portions of the Source Code</u>. A Receiving Party may print paper copies of necessary, specific portions of the Source Code at the time of inspection. Paper copies are restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing. A Receiving Party must not print passages to facilitate review of the Source Code away from the Secure Room; the Source Code is to be reviewed and analyzed using the stand-alone computer. The Receiving Party is prohibited from removing the paper copies from the Secure Room.

26.     <u>Production of Printouts</u>. The Producing Party will collect any printed pages of the Source Code and Bates number, copy, and label them "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE." Within ten (10) calendar days, the Producing Party must either (a) produce one (1) copy set of such pages to one or more offices of the Receiving Party's Counsel of Record or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose. A reasonable request will be presumed to extend for no more than ten (10) contiguous pages and for no more than 100 total printed pages for any one product (or, to the extent that multiple products share the same set of code, these limits will apply to that code set). These limits may be increased by agreement of the Parties or on a showing of need to the Court.

27.     <u>Maintenance of Printouts</u>. The copy set of the Source Code must be kept at all times in the office(s) of Counsel of Record to which the Producing Party produced them. The

copy sets must be kept in a locked storage container, which may include a locked desk drawer, where they will not be accessible to persons other than those allowed access under this Order. The copy set of the Source Code may be transmitted to the offices of the Receiving Party's Counsel of Record only by hand by the Receiving Party's Counsel of Record and may not be placed in checked luggage during travel. Except as explicitly permitted below, the Receiving Party is prohibited from making additional copies or scanning the printouts. Outside Consultants and experts are prohibited from keeping copy set of Source Code pages but may keep a single copy of excerpts of the Source Code that are reasonably necessary for purposes of preparing expert reports. The excerpts of Source Code must be kept according to the same standards of care that are otherwise identified in this Paragraph for protecting Source Code (e.g., locked storage container, hand carry, and not placed in checked luggage during travel).

28.     Receiving Party Log. The Receiving Party must maintain a log identifying each person who reviews the printouts and state the date on which such person first reviewed the printouts. The Receiving Party must provide the Producing Party with a copy of the log on two (2) business days' notice, but no more than once per month absent a showing of good cause.

29.     Use at Depositions and Hearings. A Receiving Party is prohibited from making copies of Source Code for use at a deposition or at a hearing without the Producing Party's prior written consent. If a Receiving Party intends to use Source Code at a deposition or hearing, such party must provide the Producing Party with three (3) calendar days' advance notice of its intent to use such Source Code, in which case the Producing Party will make a stand-alone computer containing the Source Code available for use during the deposition or hearing.

30.     Use in Filings. A Receiving Party may include excerpts of Source Code in court filings if reasonably necessary, provided any filings containing Source Code excerpts must be designated "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE," treated as Source Code pursuant to this Order, and filed under seal pursuant to D. Del. LR 5.1.3, using a slip sheet indicating the removal of the sealed materials in any service copies. Outside Consultants may

keep a single copy of court filings that contain Source Code excerpts, but only to the extent reasonably necessary and for the sole purpose of rendering their services.

31.    Use in Expert Reports and Discovery Responses.  A Receiving Party may include excerpts of Source Code in expert reports and discovery responses to the extent reasonably necessary, provided that any expert reports or discovery responses containing Source Code excerpts must be designated "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" and treated as Source Code pursuant to this Order.  Outside Consultants may keep a single copy of expert reports and discovery responses that contain Source Code excerpts, but only to the extent reasonably necessary and for the sole purpose of rendering their services.

## USE OF DESIGNATED MATERIAL

32.    Use of Designated Material by a Receiving Party.  A Receiving Party is permitted to use Designated Material only for purposes of this action and is prohibited from disclosing Designated Material except in accordance with this Order.  To the extent that a Designating Party provides Designated Material to a Receiving Party, the Receiving Party shall not share that material with any Party besides the Designating Party, absent express written permission from the Designating Party.

33.    Use of Designated Material by a Producing Party.  Nothing in this Order restricts a Producing Party's or Designating Party's use or disclosure of its own Designated Material.

34.    Use of Designated Material at Depositions.  A Receiving Party can examine (a) a witness about Designated Material of which the witness had prior knowledge and (b) current directors, officers, employees, designated Rule 30(b)(6) witnesses, and Outside Consultants of a Producing Party or Designating Party about any Designated Material of that Producing Party or Designating Party.  A non-Party may be examined about documents containing Designated Material that appear on their face or from other documents or testimony to have been received from or delivered to the non-Party.  Any person not permitted to have access to Designated Material that is disclosed at a deposition will be excluded from the portion of the deposition relating to that information.

35.    Use of Designated Material in Court.  Before disclosing Designated Material of another Party in an open courtroom at trial or other court hearings, the Party seeking to use the Designated Material must provide notice to the Designating Party so that the Designating Party or Producing Party has a reasonable opportunity to take appropriate action to prevent or limit disclosure of the Designated Material in the open courtroom, such as by asking for the courtroom to be sealed or for the transcript or any demonstratives to be designated confidential.  The Parties agree that the use of Designated Material at trial or in other court hearings shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the Designated Material.

36.    Filing Designated Material.  Absent written permission from the Designating Party or a Court Order issued after appropriate notice, a Party must file Designated Material under seal pursuant to D. Del. LR 5.1.3.  If any person fails to file Designated Material under seal, the Producing Party, Designating Party, or any Party claiming confidentiality for the Material may request that the Court place the filing under seal pursuant to D. Del. LR 5.1.3. Prior to the filing of any redacted version of the sealed filing, the filing Party must provide its proposed redactions to the Designating Party so that the Designating Party has a reasonable opportunity to review the proposed redactions and provide consent to the redacted filing.

37.    Transmittal of Designated Material.  OUTSIDE COUNSEL EYES ONLY and OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material may only be transmitted or transported as set forth below:

(a)    OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material may only be transported between or among qualified recipients (including for depositions) by hand delivery.  OUTSIDE COUNSEL RESTRICTED - SOURCE CODE Material may only be transported outside of the United States for use in depositions, in which case it must remain under the continuous control of the Receiving Party while outside of the United States, and be returned to the United States as soon as is reasonably practicable following the deposition.

(b)     OUTSIDE COUNSEL EYES ONLY Material may only be transported: (i) by hand delivery; (ii) in sealed envelopes or containers via mail or an established overnight, freight, delivery, or messenger service; or (iii) by telephone, facsimile, or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient. If OUTSIDE COUNSEL EYES ONLY Material is transported outside of the United States, it must remain under the continuous control of the Receiving Party and be returned to the United States as soon as is reasonably practicable.

38.     <u>Unauthorized Use or Disclosure</u>. If a Receiving Party learns of the disclosure or use of Designated Material in any circumstance not authorized by this Order, it must promptly notify in writing the Designating Party of the unauthorized use or disclosure. In the event of unauthorized disclosure, the Receiving Party must also promptly (a) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person to whom unauthorized disclosures were made of the terms of this Order, and (c) ask that person to execute the "Acknowledgment and Agreement to be Bound by Protective Order" that is attached as Exhibit A.

## PROCEDURE FOR DESIGNATING MATERIALS

39.     <u>Designating Documents</u>. For Material in documentary form (other than transcripts or documents produced natively), the Designating Party must affix the legend "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" on each page that contains Designated Material.

40.     <u>Designating Other Material</u>. For non-documentary Material, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL," "OUTSIDE COUNSEL EYES

ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE." For any documents
produced natively, the file name may be modified to indicate the appropriate designation.

     41.    <u>Testimony and Transcripts</u>. For testimony given in deposition or in other pretrial
or trial proceedings, the Designating Party will specify any portions of the testimony that it
wishes to designate as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or
"OUTSIDE COUNSEL RESTRICTED – SOURCE CODE." In the case of depositions, the
Designating Party may also designate any portion of a deposition transcript by informing the
reporter and the Parties in writing of the applicable designations within thirty (30) calendar days
of completion of the certified transcript. The entire transcript of a deposition at which OUTSIDE
COUNSEL RESTRICTED – SOURCE CODE Material was disclosed will be treated as
OUTSIDE COUNSEL RESTRICTED – SOURCE CODE until the thirty-day period has expired.
The entire transcript of all other depositions will be treated as OUTSIDE COUNSEL EYES
ONLY until the thirty-day period has expired. Transcript pages identified by a Designating
Party must be separately bound by the court reporter, who must affix to the top of each such page
the legend "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE
COUNSEL RESTRICTED – SOURCE CODE" as instructed by the Designating Party. Subject
to the Court's preferences, the parties will work together to make arrangements for making such
designations to exhibits, testimony, and other Material used during hearings, pre-trial
proceedings, and during the trial of this case.

     42.    <u>Non-Party Designations</u>. A non-Party producing information or Material
voluntarily or pursuant to a subpoena or court order may designate the information or Material in
the same manner as a Party.

     43.    <u>Challenges to Designations</u>.

            (a)    <u>Written Notice</u>. The Designating Party shall use reasonable care when
                  designating Material as CONFIDENTIAL, OUTSIDE COUNSEL EYES
                  ONLY, or OUTSIDE COUNSEL RESTRICTED – SOURCE CODE.
                  Nothing in this Protective Order shall prevent a Receiving Party from

contending that any Material has been improperly designated. If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible. The challenge should be made as soon as is practicable following production, and unreasonable delay may be considered a waiver of the challenge if the circumstances so warrant, although nothing in this provision should be interpreted as creating a presumption of waiver based on delay. If the parties do not resolve the dispute within thirty (30) days of the Designating Party receiving written notice of the challenge, the Receiving Party may file a motion with the Court challenging the designation as invalid as set forth below.

(b)     <u>Meet and Confer</u>. A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper, must give the Designating Party an opportunity to review the Material challenged and to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may file a motion challenging the designation only if it has engaged in this meet-and-confer dialogue first. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with these meet-and-confer requirements and that sets forth with specificity the justification for the designation that was given by the Designating Party in the meet-and-confer dialogue.

(c)    <u>Judicial Intervention</u>.  The burden of persuasion in any such challenge

proceeding shall be on the Designating Party.   Until the Court rules on the

challenge, all parties shall continue to afford the Material in question the

level of protection to which it is entitled under the Designating Party's

designation.

## INADVERTENT PRODUCTION

44.    <u>Failure to Designate</u>.  A failure to designate confidential Material does not waive

a Designating Party's right to secure protection under this Order for that Material.  On discovery

of a failure to designate, a Designating Party may give written notice of the designation and

provide substitute copies of the Material bearing the appropriate legend.  The Receiving Party

must then treat the Material in accordance with the new designation, retrieve and destroy all

copies of the previously produced version of the Material from anyone who had received it, and

destroy any electronic copies of the previously-produced version.

45.    <u>No Waiver of Privilege</u>.  Inspection or production of Material will not constitute a

waiver of the attorney-client privilege or work product immunity or any other applicable

privilege or immunity from discovery if, after becoming aware of a disclosure, the Producing

Party or Designating Party designates the Material as privileged or immune from discovery.  On

request by the Producing Party or Designating Party, the Receiving Party must immediately

retrieve and return (or destroy) any copies of the identified Material, including copies distributed

to others (e.g., Outside Consultants and Professional Vendors).  The Receiving Party will remain

entitled to challenge the privilege or immunity or immunity designation, but may not quote or

otherwise use the Material in support of any such challenge.  The Producing Party shall retain the

identified Material for submission to the Court in the event that the Receiving Party challenges

the privilege or immunity designation.

## ACQUISITION BAR

46.    Any Counsel of Record or any other Person permitted to receive a Party's

"OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE

CODE," (together, "HIGHLY SENSITIVE MATERIAL"), who obtains or receives, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not, during the pendency of this action and for one (1) year after its conclusion, including any appeals prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the Patents-in-Suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the Patents-in-Suit. Nothing in this provision shall preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order from participating in any post-grant proceeding, except that such persons may not directly or indirectly assist in drafting, amending or proposing for substitution patent claims in any post-grant proceeding.

### **MISCELLANEOUS**

47.   <u>Enforcement and Jurisdiction</u>. This Court will have exclusive jurisdiction to enforce this Order against the Parties and any individuals who execute Exhibits A and/or B to this Protective Order, even following the final disposition of this action. Every individual who reviews Designated Material also agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

48.   <u>Injunctive Relief</u>. Every individual who reviews Designated Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. A party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

49.     <u>Final Disposition</u>.  Within sixty (60) days after the final disposition of this action, each Receiving Party must destroy or return to the Producing Party all Designated Material and submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party).  However, Counsel of Record are entitled to retain one archival copy of all pleadings, motion papers and supporting materials, transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product. Any such archival copies remain subject to this Protective Order.

50.     <u>Duration</u>.  The confidentiality obligations imposed by this Order will remain in effect even after the final disposition of this action, until and unless otherwise agreed to by the Designating Party or ordered by the Court.

51.     <u>Further Protections</u>.  This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order.

52.     <u>Subpoenas in Other Litigation</u>.  If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, it must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly and in no event more than ten (10) days after receiving the subpoena or order.  The notice must include a copy of the subpoena or order.  The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all of the requested material is subject to this Order.

53.     <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so

that the party may have an opportunity to appear and be heard on whether that information
should be disclosed.

ASHBY & GEDDES                        K&L GATES LLP

*/s/ Andrew C. Mayo*                  */s/ Steven L. Caponi*
_____              _____
John G. Day (#2403)                   Steven L. Caponi (#3484)
Andrew C. Mayo (#5207)                600 North King Street, Suite 901
500 Delaware Ave., 8th Floor          Wilmington, DE  19801
P.O. Box 1150                         (302) 416-7080
Wilmington, DE  19899                 steven.caponi@klgates.com
(302) 654-1888
jday@ashbygeddes.com                  *Counsel for Expedia, Inc.*
amayo@ashbygeddes.com

*Attorneys for Plaintiff*


SO ORDERED this _6_ day of _November_, 20__.

                          Honorable Judge Richard G. Andrews
                          UNITED STATES DISTRICT JUDGE

## Exhibit A

### ACKNOWLEDGMENT AND AGREEMENT
### TO BE BOUND BY PROTECTIVE ORDER

I, _____, state:

1.    I reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have read the Protective Order ("Order") in C.A. 16-581-RGA and understand and will abide by its terms. I will not divulge any Designated Material to persons other than those specifically authorized by the Order. I will not use any Designated Material in any manner not expressly allowed by the Order.

5.    I agree to be subject to the authority of the United States District Court in the District of Delaware in the event of any dispute related to this agreement.

6.    I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20__.    _____

                                             Signature

**Exhibit B**

## CERTIFICATION OF OUTSIDE CONSULTANT
## REGARDING PROTECTIVE ORDER

I, _____, state:

1.      I have read the Protective Order ("Order") in 16-581-RGA and understand and will abide by its terms.

2.      I am not a current or anticipated officer, director, or employee of a Party or of a Party's competitor, or a current or anticipated consultant involved in product and/or process design or development for a Party or for a Party's competitor.

3.      If at any time after I execute this Certification of Outside Consultant and during the pendency of the litigation I become an officer, director, or employee of a Party or of a Party's competitor, or a consultant involved in product and/or process design or development for a Party or for a Party's competitor, I will promptly inform the counsel for the Party who retained me in this litigation. I will not thereafter review any Designated Materials marked as "OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED - SOURCE CODE" unless and until the Parties agree or the Court orders otherwise.

4.      I will not use any Designated Material for any purpose other than this litigation. Without limiting the foregoing, I agree not to use any Designated Material for commercial hardware, software, or product development.

5.      I agree to be subject to the authority of the United States District Court for the District of Delaware in the event of any dispute related to this certification.

6.      I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on _____, 20__ .      _____

                                                                    Signature