IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| T-JAT SYSTEMS 2006 LTD.,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDIA, INC. (DE) and ORBITZ WORLDWIDE, INC.,<br><br>Defendants. | No. 16-cv-581-RGA |

MEMORANDUM ORDER

Presently before the Court is Plaintiff's motion for reconsideration (D.I. 47) of the Court's opinion and order (D.I. 45, 46) granting Defendants' motion to dismiss (D.I. 25) for improper venue over Expedia, Inc. (WA).[1] I have reviewed the parties' briefing (D.I. 47, 51) and related papers (D.I. 54, 58). I have also reviewed the parties' prior briefing in support of the motion to dismiss (D.I. 26, 28, 30) and related papers (D.I. 38, 41). I held oral argument for the motion to dismiss on November 16, 2017. (D.I. 43).

**I.   BACKGROUND**

Plaintiff brought this action for patent infringement against Defendants Expedia, Inc. (DE) ("Expedia-DE"), Expedia, Inc. (WA) ("Expedia-WA"), and Orbitz Worldwide, Inc. (D.I. 1). Expedia-WA is a Washington corporation. (D.I. 24 ¶ 4 (Second Amended Complaint)). In opposition to the prior motion to dismiss, Plaintiff argued that venue over Expedia-WA is proper

---

[1] This refers to Defendants' motion to dismiss the Second Amended Complaint. (D.I. 25). Defendants previously filed a motion to dismiss the First Amended Complaint. (D.I. 13). Any reference to a motion to dismiss here refers to the second motion.

under the second prong of 28 U.S.C. § 1400(b), which provides that a patent infringement action may be brought in any district "where the defendant has committed acts of infringement and has a regular and established place of business." I dismissed the case with respect to Expedia-WA on the grounds that Plaintiff failed to show Expedia-WA has a regular and established place of business in Delaware. (D.I. 45 at 14–16).

Plaintiff's theory for venue was based on an alleged agency relationship between Expedia-WA and its parent company Expedia-DE. Plaintiff argued that Expedia-DE is a Delaware corporation and thus establishes proper venue in Delaware for its agent Expedia-WA. I found that Plaintiff conflated the two prongs of § 1400(b). The first prong provides that venue is proper in the district where the defendant resides (*i.e.*, is incorporated). I held that while a principal's regular and established place of business may in some cases determine an agent's regular and established place of business, Plaintiff had no support for the proposition that "a principal's *residence* can determine an agent's regular and established place of business." (*Id.* (quotation marks omitted)).

Plaintiff now raises a new theory for venue. Rather than focusing on Expedia-WA's relationship with its parent company, Plaintiff focuses on its relationship with a subsidiary. Plaintiff asserts that Expedia-WA wholly owns CSC Holdings Inc. ("CSC Holdings"), which wholly owns CruiseShipCenters International, Inc. ("CSC International"), which has a regular and established place of business in Delaware. (D.I. 47 at 3, Ex. 1). Both CSC Holdings and CSC International are Canadian corporations. (*Id.*, Ex. 1).

## II. LEGAL STANDARD

### A. Reconsideration

2

A court's decision "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010).

### B. 28 U.S.C. § 1400(b)

Federal Circuit law governs venue under § 1400(b). The plaintiff bears the burden of establishing proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Under the second prong of § 1400(b), venue is proper in a district where the defendant has "committed acts of infringement" and has a regular and established place of business. 28 U.S.C. § 1400(b).

"[T]he regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." *In re Cray*, 871 F.3d 1355, 1361 (Fed. Cir. 2017). In particular, the phrase "regular and established place of business" creates three distinct requirements—"(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360.

Under the first requirement, the "place" of business need not be a "fixed physical presence in the sense of a formal office or store," *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed.

Cir. 1985), but it must be "a physical, geographical location in the district from which the business of the defendant is carried out." *Cray*, 871 F.3d at 1362.

Under the second requirement, the place of business must be "regular" and "established." A business may be "regular" if it "operates in a steady, uniform, orderly, and methodological manner," as opposed to operating through "sporadic activity." *Id.* at 1362 (brackets and quotation marks omitted). A business is "established" if it is "settled certainly, or fixed permanently" for "a meaningful period of time." *Id.* at 1362 (brackets omitted). Thus, "a single act pertaining to a particular business" is not "regular," but a "series of such acts" may be. *Id.* Likewise, a presence at a semiannual trade show is not "established," but "a five-year continuous presence in the district" is. *Id* (citing *Knapp-Monarch Co. v. Casco Prods. Corp.*, 342 F.2d 622, 625 (7th Cir. 1965); *Remington Rand Bus. Serv. v. Acme Card Sys. Co.*, 71 F.2d 628, 629 (4th Cir. 1934)).

Under the third requirement, the place of business must be "of the defendant." It may not be a place that is "solely a place of the defendant's employee." *Id.* at 1363 (addressing the fact that the defendant's only connection to the district was through two employees working remotely from their homes in that district). Relevant considerations include (i) whether the defendant "owns or leases the place, or exercises other attributes of possession or control over the place," (ii) whether the defendant "conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district," (iii) whether the defendant "holds out a place for its business," such as by "list[ing] the alleged place of business on a website, or in a telephone or other directory[,] or plac[ing] its name on a sign associated with or on the building itself," and (iv) "the nature and activity of the alleged place of business of the defendant in the

4

district *in comparison with* that of other places of business of the defendant in other venues." *Id.* at 1363–64.

## III. ANALYSIS

Plaintiff argues that the Court's opinion on the motion to dismiss for improper venue is based on a clear error of apprehension. (D.I. 47 at 5–8). Plaintiff fails to show a clear error of law or fact. Therefore, the motion for reconsideration is denied.

### A. The Court May Consider Evidence in a Notice of Subsequent Authority for Purposes of Venue

Plaintiff's motion is based, in part, on statements made in a notice of subsequent authority. (D.I. 38). Defendants argue that venue-related facts cannot be alleged in a notice of subsequent authority under Federal Rule of Civil Procedure 12(b)(3), and Plaintiff, instead, should have amended its complaint. (D.I. 51 at 3).

"When confronted with a motion to dismiss for improper venue, the court may consider both the complaint and evidence outside the complaint." *Boston Sci. Corp. v. Cook Grp. Inc.*, 269 F. Supp. 3d 229, 234 (D. Del. 2017); *see also SPCK USA, Inc. v. Precision Couplings, LLC*, 2019 WL 102412, at *1 (D.N.J. Jan. 4, 2019) (allowing consideration of affidavits submitted by the plaintiff). Courts have generally read Rule 12(b)(3) to allow consideration of extrinsic evidence. *See, e.g., Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016); *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

Defendants cite to two cases—*Forbes v. Lenox Financial Mortgage, LLC*, 2008 WL 11331979 (S.D. Fla. Sept. 10, 2008), and *Ohio National Life Insurance Co. v. United States*, 922 F.2d 320, 327 (6th Cir. 1990). (D.I. 51 at 3–4). I do not think either case supports Defendants'

5

proposition that the Court may not consider the notice of subsequent authority for purposes of venue. The court in *Forbes* denied a motion for reconsideration of dismissal for improper venue, noting that the new factual allegations were not in the complaint, "where [p]laintiffs were supposed to make their *prima facie* demonstration of proper venue," but also finding that the facts were not relevant to the question of venue. 2008 WL 11331979 at *2.² *Ohio National* discusses the distinction between motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), neither of which is at issue here. 922 F.2d at 324–25, 327.

Therefore, I find it proper for the Court to consider evidence outside the complaint to resolve a motion to dismiss for improper venue, including evidence in a notice for subsequent authority.

### B. Plaintiff Has Not Presented New Evidence Warranting Reconsideration

Plaintiff argues that proper venue is established by CSC International's regular and established place of business in Delaware and the fact that CSC International is a wholly-owned subsidiary of Expedia-WA. The relationship between CSC International and Expedia-WA is described in a corporate disclosure statement dated May 5, 2016. The disclosure was made in a different case but submitted here by Expedia-WA before the motion to dismiss was filed. (D.I. 47 at 5 n.2; D.I. 15, Ex. A). Therefore, the fact that CSC International is a wholly-owned subsidiary of Expedia-WA is not "new evidence" for purposes of reconsideration. *See Howard Hess*, 602 F.3d at 252.

Plaintiff asserts that it did not previously know of "the true facts regarding [CSC International's] operations and location in Delaware," namely that it operates a physical retail

---

² To the extent the court may have indicated that it could not consider evidence beyond the complaint, that view is inconsistent with controlling Eleventh Circuit law. *See Estate of Myhra*, 695 F.3d at 1239.

6

and service store in Delaware. (D.I. 47 at 6). It is irrelevant for purposes of reconsideration that Plaintiff was not subjectively aware of CSC International's Delaware store. *See Howard Hess*, 602 F.3d at 252. Plaintiff presents evidence that information about the physical store is available online through Google Maps. (D.I. 47 at 5–6). Plaintiff does not explain why it could not have accessed that same information in connection with the motion to dismiss.

Therefore, Plaintiff presents no new evidence that supports reconsideration.

### C. The Court Did Not Commit a Clear Error of Law or Fact

The fact that CSC International operates a Delaware store does not change the outcome of the motion to dismiss. Plaintiff fails to show that CSC International is a place of business "of the defendant," as required to establish proper venue for Expedia-WA.[3]

Plaintiff relies on this Court's decision in *Mallinckrodt IP v. B. Braun Medical Inc.*, 2017 WL 6383610 (D. Del. Dec. 14, 2017). The Court held that while *Cray* focused on venue as established by the relationship between and an employer and its employees, it did not disturb an earlier holding that "venue in a patent infringement case [may be] proper with regard to one corporation by virtue of the acts of another, intimately connected, corporation." *Id.* at *4 (D. Del. Dec. 14, 2017) (quoting *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985)). In fact, "[i]t may be more likely with respect to corporate entities than it is with respect to employees for a regular and established place of business to be properly treated, for venue purposes, as a regular and established place of business of a named defendant." *Id.* "[I]t follows from *Cray* that the 'place' of a corporate affiliate or subsidiary of a named defendant may, in at least some circumstances, . . . be treated as a 'place of the defendant.'

---

[3] Defendants also argue that Plaintiff has not alleged that CSC International committed acts of infringement in Delaware or that Expedia-WA directed such conduct. (D.I. 51 at 7). Under the second prong of § 1400(b), I need not decide whether the acts of infringement requirement is met because I find Plaintiff has failed to meet the regular and established place of business requirement.

7

Among the pertinent circumstances to be considered is whether the formalities of corporate separateness are preserved." *Id.*

The Court in *Mallinckrodt* found the venue theory based on the defendant's related corporate entities "not frivolous and justif[ying] some limited venue-related discovery." *Id.* at *3.[4] The record established that the defendant was part of a "large corporate family comprising numerous affiliated companies that act in concert," at least five of which were Delaware corporations, and three of which were subsidiaries of the defendant. The record was silent, however, on whether any of those Delaware affiliates had a regular and established place in Delaware, or whether the affiliates maintained "formal corporate separateness" with the defendant. *Id.* at *5. Therefore, the Court granted discovery "to explore the business activities of [the defendant] and its Delaware affiliates including their relationship to [the defendant]." *Id.* at *7.

Consistent with *Mallinckrodt*, other district courts have held that whether a subsidiary may establish venue for its parent corporation through a regular and established place of business depends on the relationship between the corporations, particularly, whether they lack "formal corporate separateness." *See, e.g., Soverain IP, LLC v. AT&T, Inc.*, 2017 WL 6452802, at *1 (E.D. Tex. Dec. 18, 2017) ("[A] subsidiary's presence in a venue cannot be imputed to a parent unless the corporations disregard their separateness and act as a single enterprise."); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) (finding stores operated by the defendant's subsidiary only imputable to the defendant if the entities lacked

---

[4] Notably, *Mallinckrodt* was decided before *ZTE*. Therefore, the Court followed Third Circuit law to find that the defendant had the burden to show improper venue. *Mallinckrodt*, 2017 WL 6383610 at *2. The Federal Circuit has since held that venue under § 1400(b) is an issue unique to patent law and is thus governed by Federal Circuit law, as opposed to regional circuit law, and that the plaintiff bears the burden to show proper venue. *ZTE*, 890 F.3d at 1013.

8

formal corporate separateness); *see also Infinity Computer Production, Inc. v. OKI Data Americas, Inc.*, 2018 WL 1035793, at *8–9 (E.D. Pa. Feb. 23, 2018) (finding insufficient evidence to impute the subsidiary's venue to the parent where (1) the subsidiary and parent operated as separate legal and distinct entities that maintained separate bank accounts and filed separate financial statements and tax returns, (2) the subsidiary's contracts were not performed by the parent, (3) the parent did not direct or control the subsidiary's day-to-day activities, and (4) plaintiff did not establish that the subsidiary engaged in infringing conduct in the district).

Here, there is very little in the record about the relationships between CSC International, its immediate parent corporation CSC Holdings, and CSC Holdings' parent corporation Expedia-WA. The only alleged connection between Expedia-WA and CSC International's Delaware location is a storefront sign that reads "Expedia cruiseshipcenters." (D.I. 47 at 6).[5] Plaintiff argues that this shows Expedia-WA has "ratified" the Delaware location as its own. (*Id.* at 8).

The use of the Expedia logo at CSC International's Delaware location is by itself plainly insufficient to show that the Delaware location is a place of business of Expedia-WA. "[T]he mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant *must actually engage in business from that location.*" *Cray*, 871 F.3d at 1364; *Green Fitness Equip. Co., LLC v. Precor Inc.*, 2018 WL 3207967, at *4 (N.D. Cal. June 29, 2018) (finding improper venue despite a subsidiary's use of the defendant's logo at several locations in the district). Plaintiff has not provided any evidence that Expedia-WA engages in business from CSC International's Delaware location.

---

[5] This is based solely on Plaintiff's brief, which includes a screenshot of the Google Maps result for CSC International. (D.I. 47 at 6). Plaintiff did not submit a separate declaration under penalty of perjury.

I do not think venue-related discovery is warranted. Aside from the Expedia logo, Plaintiff "has not proffered any facts suggesting that the corporate separateness between [CSC International and Expedia-WA] is a mere fiction." *Symbology*, 282 F. Supp. 3d at 934 (denying venue-related discovery). Likewise, Plaintiff "identifies no specific fact it hopes to obtain from discovery that might reveal that venue is proper in this district." *Green Fitness*, 2018 WL 3207967, at *4 (denying venue-related discovery).

Plaintiff bears the burden of proof for establishing both proper venue and the need for reconsideration. I find Plaintiff has failed to meet its burden of showing that my decision to grant the motion to dismiss for improper venue over Expedia-WA was a clear error of law or fact.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (D.I. 47) is **DENIED**.

IT IS SO ORDERED this 29 day of January 2019.

Richard G. Andrews
United States District Judge