# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| T-JAT SYSTEMS 2006 LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 16-581-RGA ) |
| EXPEDIA, INC. (DE), EXPEDIA, INC. (WA), and ORBITZ WORLDWIDE, INC., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the court in this patent infringement action is the motion to strike portions of plaintiff T-Jat Systems 2006, Ltd.'s ("T-Jat") initial identification of accused products and to clarify the proper scope of the case,[1] filed by Expedia Group, Inc. ("Expedia").[2] (D.I. 104) For the following reasons, Expedia's motion to strike is DENIED.

### II. BACKGROUND

T-Jat filed the instant patent infringement action against Expedia on July 7, 2016, accusing a number of mobile applications and mobile websites of infringing United States Patent Nos. 8,064,434 ("the '434 patent") and 9,210,142 ("the '142 patent") (together, the "patents-in-suit").[3] (D.I. 1 at ¶¶ 1, 3) On August 18, 2016, counsel for Expedia contacted T-Jat to inform T-

---

[1] The briefing, declarations, and other filings associated with the pending motion to strike are found at D.I. 105, D.I. 106, D.I. 112, D.I. 114, D.I. 127, and D.I. 129.
[2] Expedia Group, Inc. was formerly known as Expedia, Inc. (DE). (D.I. 105 at 1 n.1)
[3] In the March 7, 2017 Report and Recommendation, the patents-in-suit were summarized as follows:

> The patents-in-suit are methods or systems for providing telephone users with internet capabilities without configuring the phone to communicate with the

Jat that the entity sued in the complaint was a holding company which had no substantive operations and did not own or operate the accused Expedia mobile application. (D.I. 106 at ¶ 4)

On September 27, 2016, T-Jat filed a first amended complaint, adding Expedia, Inc. (WA) ("Expedia-WA") and Orbitz Worldwide, Inc. ("Orbitz;" collectively, "defendants") as defendants and maintaining claims against Expedia based on an alter ego / agency theory. (D.I. 10 at ¶¶ 3-8) Expedia-WA is a wholly-owned subsidiary of Expedia, and Orbitz is a wholly-owned subsidiary of Expedia-WA. (D.I. 24 at ¶¶ 4, 6) The first amended complaint identified the Expedia and Orbitz mobile applications and websites as infringing products. (D.I. 10 at ¶¶ 23-85)

Expedia filed a motion to dismiss the first amended complaint, alleging that T-Jat failed to plead a viable alter ego or agency theory of infringement. (D.I. 13) A Report and Recommendation was issued on March 7, 2017, granting-in-part Expedia's motion to dismiss. (D.I. 20) Specifically, the Report and Recommendation recommended dismissal of T-Jat's alter ego theory, but determined that T-Jat's agency theory might survive if the pleading was amended to show that each defendant committed at least one infringing act. (*Id.* at 15) On March 22, 2017, the District Judge adopted the Report and Recommendation. (D.I. 22)

T-Jat filed its second amended complaint on July 7, 2017. (D.I. 24) Defendants filed a motion to dismiss the second amended complaint on July 21, 2017. (D.I. 25) On March 28,

---

> internet application directly. The patents cover the method, system, and medium for coordination of a request from the phone to a first server to access an internet-based application located on a second server only for the time of the communication session. The first server may have a virtual client entity that helps communicate with the second server and back to the phone, allowing the phone's user to access the internet application in real-time.

(D.I. 20 at 2-3)

2018, the court dismissed Counts I and II against Expedia-WA for improper venue. (D.I. 45 at 15-16; D.I. 46) T-Jat filed a motion for reconsideration, arguing that proper venue over Expedia-WA is established by the fact that its wholly-owned subsidiary, CSC International, has a regular and established place of business in Delaware. (D.I. 47) On January 29, 2019, the court denied the motion for reconsideration and denied T-Jat's request for venue-related discovery. (D.I. 101 at 7, 10)

On June 22, 2018, T-Jat served its "Initial Identification of Accused Products" on Expedia and Orbitz, accusing fourteen mobile applications and websites as follows:

> (a) Expedia.com® mobile app and Expedia.com® mobile website, (b) Hotels.com® mobile app and Hotels.com® mobile website, (c) Hotwire.com® mobile app and Hotwire.com® mobile website, (d) Orbitz Worldwide® mobile app and Orbitz Worldwide® mobile website, (e) Travelocity mobile app and Travelocity mobile website, (f) HomeAway mobile app and HomeAway mobile website, (g) Egencia® mobile app and Egencia® mobile website, (h) trivago GmbH mobile app and trivago GmbH mobile website, (i) Wotif.com Holdings Limited mobile app and Wotif.com Holdings Limited mobile website, (j) CarRentals.comTM mobile app and CarRentals.comTM mobile website, (k) Classic Vacations® mobile website, (l) Expedia® CruiseShipCenters® mobile website, (m) ebookers mobile app and ebookers mobile website, (n) and CheapTickets mobile app and CheapTickets mobile website.

(D.I. 106 at ¶ 14; Ex. 3) Defendants served their core technical documents for the accused Orbitz mobile website and mobile application on August 6, 2018. (*Id.* at ¶ 15) Defendants objected to the inclusion of other products in T-Jat's Initial Identification of Accused Products. (D.I. 106 at ¶ 15; Ex. 4 at 1 & n.2)

T-Jat served its first set of interrogatories and first set of requests for production on Expedia on November 21, 2018. (D.I. 106 at ¶ 16) Expedia objected to the scope of the requests. (*Id.*; Ex. 5) Expedia filed the pending motion to strike on May 3, 2019. (D.I. 105) Expedia made its first production of documents on May 21, 2019. (D.I. 112, Exs. D-F)

3

## III. LEGAL STANDARD

Expedia brings the present motion to strike T-Jat's Initial Identification of Accused Products in accordance with the court's inherent power to strike submissions to the court other than pleadings.[4] *See Kitson v. Bank of Edwardsville*, 240 F.R.D. 610, 611 (S.D. Ill. 2006). "[T]he alternative basis [to Rule 12(f)] for striking improper filings is the district court's 'inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of the litigation. . . .'" *Tagle v. Bean*, 2017 WL 2192969, at *3 (D. Nev. May 18, 2017) (quoting *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted)). The Supreme Court has instructed that, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

---

[4] T-Jat addresses Expedia's motion to strike in the context of Rule 12(f) of the Federal Rules of Civil Procedure. (D.I. 112 at 8-10) Rule 12(f) permits "[t]he court [to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike pursuant to Rule 12(f) may only be directed to a pleading. *See U.S. v. Viola*, 2003 WL 21545108, at *3 (E.D. Pa. July 7, 2003) (quoting 2 *Moore's Fed. Practice*, § 12.37 (Matthew Bender 3d ed.)); *see also Watkins v. New Castle County*, 374 F. Supp. 2d 379, 394 (D. Del. 2005). Expedia does not apply Rule 12(f) to the analysis, but instead requests that the court use its inherent authority to strike the Initial Identification of Accused Products. (D.I. 114 at 5) ("Defendants' motion seeks to vindicate the SAC not strike portions of it."). T-Jat's objections to the timeliness of the motion to strike are based on Rule 12(f), which provides a twenty-one day time limit after being served with a pleading to file a motion to strike. (D.I. 112 at 8-9) Because the motion to strike was not brought pursuant to Rule 12(f), and because there are no temporal restrictions on the court's ability to exercise its inherent authority to strike a filing, the court does not further address T-Jat's timeliness arguments.

## IV. DISCUSSION

### A. Waiver

In support of the motion to strike, Expedia contends that T-Jat waived any claim of infringement regarding products besides the Expedia and Orbitz mobile applications and websites when it voluntarily excluded mention of products owned and operated by other brands in its first and second amended complaints. (D.I. 105 at 11-12) In response, T-Jat contends that it did not voluntarily dismiss claims by omitting a footnote from its second amended complaint because it preserved the substance of its allegations regarding those additional products. (D.I. 112 at 10) According to T-Jat, the second amended complaint pleads sufficient facts regarding exemplary products to avoid waiver of allegations regarding additional products by other brands. (*Id.* at 13-14)

T-Jat has not waived any claim of infringement regarding products in addition to the Expedia and Orbitz mobile applications and websites. Paragraph 3 of the second amended complaint identifies a non-exhaustive list of travel products and services provided by Expedia "through a portfolio of brands." (D.I. 24 at ¶ 3) The list of brands in the second amended complaint largely overlaps with the list of brands in the original complaint.[5] (*Compare* D.I. 24 at ¶ 3 *with* D.I. 1 at ¶ 3) To the extent that the lists differ,[6] the brands omitted by name from the second amended complaint are captured by the catchall language of the paragraph, which states

---

[5] Both the original and the second amended complaint specifically identify the following brands from among Expedia's and Orbitz's portfolios: Hotels.com®, Hotwire.com®, Travelocity, Egencia®, Trivago, CarRentals.com®, Classic Vacations®, CruiseShipCenters®, HotelClub, Ebookers, and CheapTickets. (D.I. 24 at ¶¶ 3, 6; D.I. 1 at ¶ 3)

[6] The original complaint identifies several brands not included by name in the second amended complaint, including Ratestogo and Trip. (D.I. 1 at ¶ 3) Likewise, the second amended complaint identifies certain brands not included by name in the original complaint, including HomeAway and Wotif.com Holdings Limited. (D.I. 24 at ¶ 3)

5

that "Expedia-DE provides these travel products and services through a portfolio of brands including (among others). . . ." (D.I. 24 at ¶ 3)

During oral argument, Expedia took the position that each of the enumerated products is owned and operated by a separate entity and, therefore, the products fall outside the scope of the case absent joinder of the separate entities as defendants. (8/8/19 Tr. at 37:12-21) Expedia also contends that the court previously found allegations that the provision of products and services through a "portfolio of brands" were insufficient to plead infringement by other products. (D.I. 114 at 4) However, Expedia did not challenge the sufficiency of the allegations regarding products in addition to the Expedia and Orbitz mobile applications and websites in the briefing associated with either the motion to dismiss for failure to state a claim or the motion to dismiss for improper venue, respectively. (D.I. 14; D.I. 26) As a result, the court did not evaluate the sufficiency of these allegations and did not affirmatively exclude them from the pleadings. (D.I. 20; D.I. 45; D.I. 101) Rule 12(h)(2) provides that failure to state a claim and failure to join a person required by Rule 19(b) may properly be raised by a Rule 12(c) motion or at trial, if not raised at the pleading stage. Fed. R. Civ. P. 12(h)(2).

The original complaint includes two footnotes which were omitted from the first and second amended complaints. (D.I. 1 at 5 n.2, 11 n.5)[7] During oral argument, counsel for T-Jat

---

[7] Footnote 2 of the original complaint states:

> Expedia's mobile device travel app is presented as an exemplary Expedia service that infringes the '434 patent. Expedia's mobile website portal and the mobile device travel apps and mobile website portals of each of its portfolio of brands likewise infringe the '434 patent. Upon information and belief, the backend functionality of each of these Expedia services is identical and each uses Expedia's infringing backend server technology. Each of these Expedia services is available for use on mobile devices running iOS, Android, or Windows mobile operating systems.

proposed amending the second amended complaint to include the footnotes. (8/8/19 Tr. at 34:13-17) However, counsel for Expedia maintained that joinder of additional defendants was necessary to assert a cause of action against the additional accused products. (*Id.* at 37:12-21) For the reasons stated in the previous paragraph, Expedia did not previously raise the issues of joinder or the sufficiency of pleaded allegations regarding products other than the Expedia and Orbitz mobile applications and websites. Consequently, the court did not address the sufficiency of those allegations in ruling on the previously-filed dispositive motions. Expedia's motion to strike is premised on the notion that T-Jat "attempt[s] to circumvent the Court's orders." (D.I. 114 at 5) Because the court's previous orders did not address the sufficiency of the allegations regarding products in addition to the Expedia and Orbitz mobile applications and websites, Expedia's motion to strike those products from the Initial Identification of Accused Products is denied. Both the second amended complaint and the Initial Identification of Accused Products identify Expedia's non-exhaustive portfolio of products in a manner sufficient to put Expedia on notice of the products at issue in the case. *See Koninklijke Philips v. ASUSTeK Computer Inc.*, C.A. No. 15-1125-GMS, *et al.*, 2016 WL 6246763, at *3 (D. Del. Oct. 15, 2016) (concluding

---

(D.I. 1 at 5 n.2) Footnote 5 of the original complaint states:

> Expedia's mobile device travel app is presented as an exemplary Expedia service that infringes the '142 patent. Expedia's mobile website portal and the mobile device travel apps and mobile website portals of each of its portfolio of brands likewise infringe the '142 patent. Upon information and belief, the backend functionality of each of these Expedia services is identical and each uses Expedia's infringing backend server technology. Each of these Expedia services is available for use on mobile devices running iOS, Android, or Windows mobile operating systems.

(*Id.* at 11 n.5) This language identifying Expedia's mobile application and website as exemplary products was omitted from the first amended complaint and the second amended complaint.

7

that the initial identification of accused products required under the Default Standard "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.").

Expedia cites several cases for the proposition that an amended complaint supersedes and nullifies the original complaint. (D.I. 105 at 11) (citing *Lacey v. Maricopa County*, 693 F.3d 896, 927-28 (9th Cir. 2012); *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017); *Mowrer v. U.S. Dep't of Transp.*, 326 F.R.D. 350, 353 (D.D.C. 2018); *Jackson v. Rohm & Haas Co.*, 2006 WL 3761981, at *1 n.1 (E.D. Pa. Dec. 19, 2006)). For the reasons previously discussed, the second amended complaint sufficiently identifies products besides the Expedia and Orbitz mobile applications and websites to preserve allegations of infringement against those products, independent of the allegations in the original complaint. In this regard, T-Jat did not voluntarily dismiss any claims regarding these products from its second amended complaint. *Cf. Mowrer v. U.S. Dep't of Transp.*, 326 F.R.D. 350, 353 (D.D.C. 2018) (denying leave to replead claims asserted in the first complaint which were subsequently voluntarily omitted from the pleading); *Jackson v. Rohm & Haas Co.*, 2006 WL 3761981, at *1 n.1 (E.D. Pa. Dec. 19, 2006) (omission of claims from second amended complaint constituted a voluntary dismissal where the counts were previously adjudged frivolous). The two remaining cases cited by Expedia are inapposite because they address the issue of whether a dismissed claim which is not re-alleged in an amended pleading may be the subject of an appeal. *Lacey v. Maricopa County*, 693 F.3d 896, 927-28 (9th Cir. 2012); *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017). T-Jat's claims regarding products in addition to the Expedia and Orbitz mobile applications and websites were not dismissed or deemed frivolous. Consequently, T-Jat has not waived its allegations of infringement with respect to products besides the Expedia and Orbitz mobile applications and websites.

## B. Whether Claims Against Expedia-WA's Products Remain

Expedia alleges that T-Jat's claims against the Expedia mobile application and website were eliminated from the case when the court dismissed the claims against Expedia-WA because the second amended complaint does not allege any act of direct infringement by Expedia. (D.I. 105 at 13) According to Expedia, the generic agency allegations in the second amended complaint are insufficient because Expedia-WA owns and operates the allegedly infringing products, and infringement allegations against its products should not be litigated *in absentia*. (*Id.* at 14) Expedia argues that Expedia-WA should not be forced to choose between either abandoning the protections of its dismissal for improper venue to defend its product, or allowing its technology to be the subject of an infringement action in which it is not a party. (*Id.* at 16-17)

In response, T-Jat contends that it added Expedia-WA and Orbitz as defendants at Expedia's request, and not because naming operating companies is necessary to state a claim. (D.I. 112 at 15) To the contrary, T-Jat alleges that its claims arise from Expedia's actions as the principal of Expedia-WA and Orbitz, and the court has ruled that T-Jat adequately alleged a principal-agent relationship. (*Id.* at 16) According to T-Jat, Expedia can be liable for infringement as a principal in directing and/or overseeing the actions of its agents regardless of whether the agents are joined as parties because a wholly-owned subsidiary is not an indispensable party. (*Id.* at 16-17)

Expedia's motion to strike Expedia-WA's products from the Initial Identification of Accused Products is denied. Expedia contends that its motion "seeks to vindicate the SAC not strike portions of it." (D.I. 114 at 5) The second amended complaint alleges that, "[u]pon information and belief, Expedia-WA is the agent of Expedia-DE in the performance of the acts of infringement committed by Expedia-WA alleged herein, and thereby Expedia-DE is

9

responsible for such acts and incurred liability therefore." (D.I. 24 at ¶ 13) On March 22, 2017, Expedia and T-Jat executed a stipulation agreeing to confer prior to the filing of the second amended complaint "to ensure that Defendants will not need to seek dismissal of the amended complaint on the same or similar grounds, *i.e.* failure to plead facts establishing defendants' vicarious liability for each others' actions." (D.I. 22 at ¶ 3) Nonetheless, the form of relief sought by Expedia would effectively require a dispositive ruling adjudicating Expedia's lack of an agency relationship with certain third party entities identified in its corporate organizational structure,[8] as well as a final determination eliminating certain accused products from the case. In the absence of discovery on the alleged agency relationship, and in the absence of any alleged pleading defects, the court declines to strike the challenged accused products from the Initial Identification of Accused Products.

The only narrowing of the scope of the case which has been established with certainty thus far is the dismissal of the defendant Expedia-WA for improper venue. (D.I. 101 at 5-10) At its core, the matter in controversy is a discovery dispute that has not been presented as such. There is no pending motion to compel discovery on the accused products in issue nor is there a pending motion for a protective order brought by Expedia to limit or preclude such discovery. Whether the discovery requests served by T-Jat are an attempt to circumvent the dismissal of Expedia-WA for improper venue and obtain information possessed by a dismissed party awaits decision on another day when the matter is properly presented as a discovery dispute requiring resolution by the court.

---

[8] (D.I. 106 at ¶¶ 3-13)

## V. CONCLUSION

For the foregoing reasons, Expedia's motion to strike is denied. An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 27, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE